## Morris *v.* Yough Coal & Supply Co.

*Workmen's compensation—Widow—Dependency—Family relation—Separation—Obligation to support—Repudiation—Acquiescence—Presumption—Accumulations by wife—Contributions by husband—Findings by referee and board—Appeal—Review—Certiorari—Act of June 2, 1915, P. L. 738, sec. 307.*

1. Under the Workmen's Compensation Act of June 2, 1915, P. L. 738, the Supreme Court, for the purpose of review, will examine the findings and reasons stated in the adjudication of the referee and the board, and also those on which the opinion of the common pleas is based, the appeal being in the nature of a certiorari.

2. The term dependency, in the statute, contemplates actual dependency, and must affirmatively appear in the record as a fact. No rigid rule can be laid down as to the amount or character of evidence necessary to show actual dependency; therefore, each case must be controlled by its own circumstances. But the term actual dependency does not mean sole and exclusive support.

3. Dependency is not controlled wholly by the legal obligation springing from the marriage contract. This obligation, however, is one of the elements to be considered in determining the fact of dependency.

4. Separation may amount to a repudiation of the husband's legal obligation to support, acquiesced in by the wife.

5. The receipt of money from the husband for the purpose of accumulating a saving will not be considered as contributions for support, but the mere fact that claimant had a small sum of money in bank does not raise a conclusive presumption that the money was contributed by the husband for the purpose of enabling her to accumulate such saving. It may be considered, with other evidence, on the question of dependency.

6. Where a wife was living apart from her husband, with his consent, earning money through her own labor, which partly reduces her living expenses, and the husband during this period maintains the family relation, writing to his wife regularly and visiting her frequently, paying a certain portion of the necessary expenses for her support, and often contributing other sums for her use, and all of these happenings occur frequently for a year and a half immediately before a fatal accident to her husband, *held* that a finding that the widow was actually dependent for this partial support and entitled to compensation, will not be disturbed on appeal, in a claim under Section 307 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, which provides that "no compensation shall be payable under this act to a widow unless she was living with her deceased husband at the time of his death or was then actually dependent upon him for support."

7. If the finding of dependency is based on any evidence, or on an inference fairly deducible therefrom, the award must be sustained, although the appellate court might differ from the conclusion thus reached. The judgment of such court cannot be substituted for that of the referee or board, inasmuch as the compensation act has delegated to them the exclusive function of determining these facts.

8. Where a referee erroneously states a finding of fact as a conclusion of law, the appellate court will regard the conclusion as a finding of fact.

Argued October 22, 1919.   Appeal, No. 22, Oct. T., 1918, by Globe Indemnity Co., from judgment of C. P. Allegheny Co., July T., 1917, No. 435, affirming award of Workmen's Compensation Board in case of Elizabeth Morris v. Yough Coal & Supply Company.   Before

Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ. Affirmed.

Appeal from award of Workmen's Compensation Act. Before Haymaker, J.

The court entered judgment sustaining the award. The Globe Indemnity Co. appealed.

*Error assigned* was the judgment sustaining the award.

*Charles Alvin Jones,* with him *Sterrett & Acheson, James I. Weldon, John C. Sherriff, Alexander P. Lindsay* and *George C. Bradshaw,* for appellant.—The question of the sufficiency of the evidence and of the referee's finding is properly before the court: McCauley v. Imperial Woolen Co., 261 Pa. 312.

The natural inference to be drawn from the facts found by the referee, is that claimant was not actually dependent upon deceased for support at the time of his death.

*A. M. Oliver,* with him *Oscar G. Meyer,* for appellee.— The only question involved in this appeal is whether the appellee lived with her husband or was dependent upon him for support at the time of his death.    These are questions of fact to be decided by the referee with power of review by the compensation board: Hallman v. Star Printing Co., 70 Pa. Superior Ct. 562; Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202; McCauley v. Imperial Woolen Co., 261 Pa. 312; Paluskiewicz v. Phila. & Reading Coal & Iron Co., 257 Pa. 305; Messinger v. Lehigh Valley R. R. Co., 261 Pa. 336; McGurrin v. Hudson Coal Co., 264 Pa. 230.

Opinion by Mr. Justice Kephart, January 5, 1920:
The proceedings under the Compensation Act of June 2, 1915, P. L. 736, are purely statutory, differing from

the common law, and the appeal to the common pleas is in the nature of a certiorari. For the purpose of review, this court will examine the findings and reasons stated in the adjudication of the referee and the board, as also those on which the opinion of the common pleas is based: McCauley v. Imperial Woolen Company et al., 261 Pa. 312, 322. In this appeal, we have, as a part of the record, not only the findings of the referee, but an analysis of the evidence on which those findings are based. It was submitted as a part of his report. We will consider the record as thus made up as an aid in determining the legal question presented. The attack upon the award of compensation in the court below was based wholly on the proper determination of clause nine of section 307, which provides, "No compensation shall be payable under this act to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him for support," as it applied to the evidence in the case. Did the record lack sufficient legal evidence to sustain the finding that the claimant, the widow, was actually dependent on her husband for support at the time of his death? We are asked by appellant to hold that a married woman loses her right to compensation if she engages in a remunerative occupation, when it appears she is employed with the consent of her husband, with whom she was on very friendly terms, he communicating with her regularly by letter, frequently visiting her, that he contributed sums of money at various times for her support, though the total contributions would not be sufficient to entirely support her and she had a small saving of three or four hundred dollars in bank, which was in process of accumulation for a number of years.

If the finding of dependency is based on any evidence or on an inference fairly deducible therefrom, the award must be sustained though we might differ from the conclusion thus reached. We cannot substitute our judgment for that of the referee or the board, as the com-

pensation act has delegated to them the exclusive function of determining these facts. An appellate court will not review such conclusion.

The term dependency, in the statute, contemplates actual dependency and must affirmatively appear in the record as a fact. No rigid rule can be laid down as to the amount or character of evidence necessary to show actual dependency; therefore, each case must be controlled by its own circumstances. But the term actual dependency does not mean sole and exclusive support. It includes as well partial support, and the query arises, were the contributions needed to provide the claimant (recognized as such by the statute) with some of the ordinary necessaries of life suitable for persons in her class and position? It does not mean that the claimant should reduce her expenses to such an amount that she could secure subsistence for herself without the contributions from the deceased employee, in this case her husband. See Dazy v. Apponaug Co., 36 R. I. 81. Dependency of married people is not controlled wholly by the legal obligation springing from the marriage contract. This obligation, however, is one of the elements to be considered in determining the fact of dependency. A wife, not living with her husband, who is not supported wholly or partly at the time of the accident by him is not a dependent within the meaning of the statute. The separation may amount to a repudiation of the husband's legal obligation to support, acquiesced in by the wife: New Monckton Collieries, Ltd., v. Keeling, 6 Negligence and Compensation Cases 240, and note. But when the wife lives separate from her husband with his consent, earning money through her own labor, which partly reduces her living expenses, and the husband during this period maintains the family relation, visiting his wife, paying a certain portion of the necessary expenses for her support, and often contributing other sums for her use, and all of these happenings occur frequently for a year and a half immediately before the accident to her

husband, a finding that the wife was actually dependent from this partial support will not be disturbed. She is a dependent within the meaning of that term as used in the statute. By her voluntary assumption, under such circumstances, she waives no right, nor does she absolve the company from its statutory duty to provide the compensation called for by the act, based on the finding of the referee.

The receipt of money for the purpose of accumulating a saving will not be considered as contributions for support, but the mere fact that claimant had a small sum of money in bank does not raise a conclusive presumption the money was contributed by the husband for the purpose of enabling her to accumulate such saving. It may be considered, along with other evidence, on the question of dependency.

The referee erroneously stated as a conclusion of law, "that the claimant, although not living with her husband at the time of his death, was actually dependent upon him for support." This was a finding of fact and should have been so stated by the referee. We have regarded it in that light.

The assignments of error are overruled and the decree of the court below is affirmed.