## Sandrock v. Philadelphia & Reading Coal and Iron Co.

*Workmen's compensation — Appeals — Review — Evidence — Dependent widow.*

1. The revisory powers of the appellate court on an appeal from a decision of the Workmen's Compensation Board are limited to a determination of the question whether there is evidence to support the findings of fact.

2. A wife will be considered as actually dependent where it appears that she was a resident of a foreign country, that her husband came to this country with her knowledge and consent for the purpose of earning money, that from time to time he sent her money for the support of herself and children, that for a period of about twenty-three months prior to his death she had not heard from him, but that this was a war period and that a most rigid censorship of the mail was maintained to the enemy country in which she resided.

3. A wife cannot be deprived of her right of compensation merely because her husband failed or neglected to perform his duty of supporting her.

Appeal from decision of the Workmen's Compensation Board. C. P. Northumberland C.o, Feb. T., 1924, No. 83.

*W. J. Sanders,* for plaintiff; *Voris Auten,* for defendant.

LLOYD, J., June 23, 1924.—This is an appeal by the defendant from the action of the Workmen's Compensation Board in affirming the finding of facts, conclusions of law and an award of the referee. The following three assignments of error are set forth in support of the appeal:

"1. The Compensation Board erred in the following: 'We have reviewed the record carefully and there is evidence to show that the deceased employee contributed to his wife's support from his coming to America in 1912 until the European War interrupted communication. In fact, the last remittance on Dec. 31, 1915, was evidenced by the production of a receipt for Bank Money Order.'

"2. The Compensation Board erred in the following: 'No significance can be attached to the fact that the widow did not hear from her husband between the date of this last remittance and the date of his death, Nov. 23, 1917, as the European War undoubtedly interrupted correspondence and made it impossible for the deceased to communicate with his family, which condition prevailed to the time of his death.'

"3. The Compensation Board erred in the following: 'The findings of fact, conclusions of law and award of the referee are affirmed and the appeal is dismissed.' "

The Supreme Court has repeatedly said that the revisory powers of the appellate court in appeals of this character are limited to a determination of the question whether there is evidence to support the findings of fact, and whether the law has been properly applied to them. Neither the first nor the second assignment raises any question within our revisory powers. Both assignments are captious and are, hence, dismissed.

The third assignment is general, vague and indefinite; nor has it been specifically pointed out to us just wherein the error of the board lies. We shall, however, consider it in the light of our revisory powers.

The records show that counsel for the respective parties agreed that the decedent was in the employ of the defendant; that he was killed in the course of said employment; that his weekly wages exceeded the sum of $20, and that the funeral expenses to the extent of $100 were paid by the defendant. These facts having been agreed upon, the controversy is narrowed down to a single issue, to wit: Is there competent evidence before the board to support the finding of fact by the referee "that the claimant is the lawful and dependent widow of the deceased employee," and his conclusion of law that the claimant is to be compensated by the defendant?

The claimant is a resident of Terna Sarsisska Zupa Czechoslovak Republic. Her testimony, together with the testimony of two other witnesses, were taken under letters rogatory to the Civil Court at Sabinow, Sarsisska Zupa Czechoslovak Republic, agreeably to and in compliance with the powers conferred upon the board by the Workmen's Compensation Act. The signatures of the acting officials were all duly authenticated and all exhibits attached to the testimony duly certified and the procedure in the taking of the depositions in accordance with the practice of their courts. The procedure was in all of its aspects legal and the testimony is competent. Does it support the finding of facts and conclusions of the referee?

In response to interrogatories, the claimant testified, *inter alia*, to the fact of her marriage with the deceased; that her husband came to this country about ten years ago with her knowledge and consent and for the purpose of earning money; that from time to time he sent her money for the support of his family, and that she used this money, together with what she earned by working on her father-in-law's farm, in conducting her house; that two children under the age of sixteen, supported by the deceased, survived him and are at the present living with her; that she has not remarried; that she last heard from her husband by letter mailed from Shamokin, 1916; that he wrote her, stating that he would return as soon as he had saved sufficient

money. She is corroborated by other witnesses, documentary evidence, letters, and also by the receipt for a bank money order dated at Shamokin, Pa., 12/31/15, showing receipt of $28.50, equivalent to 210 kroen, from the deceased and to be transmitted to her.

It is to be observed that there is a hiatus of about twenty-three months between the time when claimant last heard from her husband and his death. Referring to this, the board, through its chairman, Mr. T. Henry Walnut, said: "No significance can be attached to the fact that the widow did not hear from her husband between the date of this last remittance and the date of his death, Nov. 23, 1917, as the European War undoubtedly interrupted correspondence and made it impossible for the deceased to communicate with his family, which condition prevailed to the time of his death."

We quite agree with the board. The mere fact that claimant did not hear from her husband during a war period, when a most rigid censorship of mail to that country was maintained, when its transmission was attended with the utmost difficulty, and the likelihood of its loss equal to, if not greater than, the likelihood of its delivery, is not of much evidential value. It was, at most, a circumstance affecting only the weight of claimant's testimony, and as such was a matter for the board and not for us. But, aside and apart from the inference that deceased may have written to the claimant without her receiving, she, nevertheless, may not be deprived of her right of compensation merely because her husband failed or neglected to perform his duty of supporting her. The law applicable to this case and the test to be applied to the evidence is laid down in Creasy v. Phœnix Utilities Co., 276 Pa. 583, in which Mr. Justice Frazer, speaking for the court, at pages 585 and 586, said: "Section 307, paragraph 7, of the Compensation Act provides that 'no compensation shall be payable under this section to a widow unless she was living with her deceased husband at the time of his death or was then actually dependent upon him for support.' Where the family relation does not exist, that is, where the parties are not living together, the legislature has clearly indicated that the mere fact of dependency in a legal sense is not sufficient. Dependency must be 'actual,' and, therefore, must be affirmatively shown as a fact in the case: Morris v. Yough Coal Co., 266 Pa. 216, 220; Maguire v. James Lees & Sons, 273 Pa. 85, 88. As to this, we have held that no rigid rule can be laid down concerning the amount or character of evidence necessary to show actual dependency, but that each case must be controlled by its own circumstances: Morris v. Yough Coal Co., 266 Pa. 216, 220. If the wife continues to receive support, whether wholly or in part, she continues to be dependent within the meaning of the statute, unless the separation amounts to a repudiation of the husband's legal obligation, acquiesced in by the wife: Morris v. Yough Coal Co., 266 Pa. 216; Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202. If the separation is merely for the mutual convenience of the parties, and the wife is dependent and the obligation of the husband to support her is either recognized or performed, the right to compensation exists as fully as if they were living together, and if, for any reason, the husband fails to perform that duty for a time, the wife remains entitled, upon injury to him, to such compensation as the law provides in cases of dependency: Gentile v. Phila. & Reading Ry. Co., 274 Pa. 335, 339. If this were not so, the mere fact of separation, though perhaps for a proper and legitimate purpose, such as the future establishment of a new home, would, in all cases, bar a claim on behalf of the family. That it was not the intention of the legislature to establish such a harsh rule seems amply proven by the fact that the word 'dependent' was used rather than make the right of the widow depend upon the fact of receiv-

ing support at the time of the accident. The criterion in cases of this character, consequently, must be whether or not a wife, living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circumstances amounting to a repudiation by him of his legal obligation to support his family."

In the present case, as in the cited case, "the separation in the beginning indicates a proper purpose, viz., to enable the husband to procure more remunerative employment, and consent thereto by the wife would not necessarily bar her claim for compensation." In the present case there is no evidence tending to show an abandonment or desertion by the husband nor any intention by him to abandon or desert his family. And, hence, there was nothing that called for acquiescence or action upon the part of the claimant. In this respect the instant case is stronger in point of principle than the cited case.

We conclude that the finding of fact, "that the claimant is the lawful and dependent widow of the deceased," is supported by the evidence, that the conclusion of law and the award are in accordance with the law.

And now, June 23, 1924, the action of the board is hereby affirmed, the exceptions thereto dismissed and judgment directed to be entered in favor of the claimant, Anna Sandrock, by Albert Mamatey, Czechoslavak Consul, and against the defendant, the Philadelphia & Reading Coal and Iron Company, for the several sums and in accordance with the awards as set out in the decision of W. W. Champion, referee, dated at Williamsport, Pa., Aug. 18, 1923, in the above entitled case.     From C. M. Clement, Sunbury, Pa.