Roselli *v.* Franklin Tanning Co. et al., Appellants.

114

Argued March 15, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*George H. Detweiler,* and with him *Arnold & Chaplin,* for appellant.

No appearance and no printed brief for appellee.

Opinion by Stadtfeld, J., April 28, 1933:

This is a Workmen's Compensation case. Claimant was injured November 13, 1930, while engaged in carrying lumber on a construction job which defendant was carrying on and for which work he had been specially hired. He was hit in the back by falling timber. A compensation agreement was entered into under which he was to be paid at the rate of $13 per week from November 20, 1930. A final receipt was signed on April 9, 1931. On September 1, 1931, the referee set aside the final receipt and reinstated the agreement to pro-

vide compensation for total disability beginning April 9, 1931 and ending April 30, 1931; then beginning as of May 5, 1931, claimant was awarded compensation for partial disability at the rate of $3.25 per week and this continued until July 25, 1931, when this agreement was terminated. It was also agreed that defendant was to purchase for the claimant a belt to relieve the sacro-iliac condition from which he was suffering. A final settlement receipt was executed on September 4, 1931. According to the referee's findings claimant returned to work and worked from July 27 to November 10, 1931, when he was laid off or discharged. On July 12, 1932, claimant filed a petition for review in which he set forth that his discharge was due to physical incapacity arising from the accident and that he then suffered, and continued to suffer, partial disability. After hearing thereon the referee found as a fact that the claimant had a fifty per cent loss of earning power, and made an order reinstating the agreement and modifying it to provide partial disability compensation at the rate of $6.50 per week beginning as of the date when claimant was discharged. An appeal was taken to the Workmen's Compensation Board which affirmed the referee's report and dismissed the appeal. From this decision an appeal was taken to the common pleas court which on November 3, 1932 dismissed the appeal and sustained the award, and directed judgment entered thereon. From that judgment this appeal was taken by the employer.

As to the findings of fact by the referee and the board, the only question for this court is: Does the record contain legally competent evidence to sustain them? Ford v. Dick, 288 Pa. 140. If the findings are based on competent evidence or an inference fairly deducible therefrom, the award must be sustained though we might differ from the conclusion thus reached. We can not substitute our judgment for that

of the referee or board, as the compensation act has delegated to them the exclusive function of determining these facts. An appellate court will not review such conclusion: Morris v. Yough Coal and Supply Co., 266 Pa. 216, 219; Todd et ux. v. Lehigh Valley Coal Co., 297 Pa. 302.

It appears from the testimony that when claimant returned to work in defendant's tannery on July 27, 1931, he was assigned to an entirely different and much lighter line of work from that in which he had been engaged when hurt. It was claimant's contention that defendant discharged him because of physical inability to perform even this lighter work satisfactorily. Defendant's contention was that he was discharged because of economic conditions. Notwithstanding this, it appeared from one of defendant's own witnesses that the next morning after claimant was discharged another man was hired in his place. It also appeared from the testimony that even after the sacro-illiac belt was provided, claimant still suffered pain and could not stoop as was required in the performance of his work. When claimant went back to work his wages were cut fifteen cents per day. While defendant's witnesses testified that it was the intention to cut wages generally, it was not done until quite a time after claimant's return. This would indicate that his services were not worth as much as before. The medical testimony on each side indicated that the man was still suffering pain as the result of his injuries, and that he was unable to stoop over any considerable distance. He testified that when discharged he was told that they could not use him any more; that he has not been able to do any work since; that while the belt helps him, he can't stoop down very far. The board has found that the Welfare Association of Pittsburgh declined to put him in one of the made jobs, declaring him physically unfit. He apparently is of

that "non-descript" class referred to in some of the cases.

The testimony of Dr. Gordon, a physician who testified on behalf of defendant, was not of much assistance to the compensation authorities. In answer to the question, "What I would like to know, doctor, is, what is your opinion as to whether or not Mr. Roselli had recovered from his injury as a result of his accident on November 13, 1930, as of July 25, 1931?" he testified as follows: "Well, he had not completely recovered because he complained of some disability. Q. He complained of disability. A. Yes sir. Q. Did you find any evidence of disability at the time of your first examination? A. Yes. I found tenderness over his sacro-iliac joint there. Q. Do you think that condition would be relieved by this sacro-iliac belt which this man has since procured? A. I think it would. Q. Do you think it relieved him sufficiently for him to return to work? A. Oh, yes, I think so. I think it relieved him. Q. On your examination of yesterday, doctor, what is your opinion as to this man's ability to work with the belt which has been procured? A. I think his condition was just the same as it was from the time of this examination previously, I think he was just as well able to wear it then as he was six months ago."

The evidence was not as clear as is desirable in a case of this kind, but there was competent evidence supporting the finding of partial disability.

Claimant's petition was filed within one year after the last payment to him of compensation; by it he sought relief under the second paragraph of Section 413 of our Workmen's Compensation Law, as amended by the Act of April 13, 1927, P. L. 186. As already indicated, we think there was competent evidence sustaining the finding of the compensation authorities

that claimant's physical condition was still one of partial disability.

The board, therefore, had jurisdiction and power to reinstate and modify the agreement.

The appeal is dismissed and the judgment affirmed.