Sandy *v.* Hazle Brook Coal Company, Appellant.

Argued December 14, 1939.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ.

*Robert T. McCracken,* with him *P. B. Roads,* for appellant.

*W. C. Devitt,* with him *Z. F. Rynkiewicz,* for appellee.

OPINION BY RHODES, J., January 30, 1940:

In this workmen's compensation case the referee made an award to claimant on the ground that she was "totally dependent" upon her deceased husband at the time of his accidental death on May 23, 1937, while in the employ of defendant. The Workmen's Compensation Board affirmed the findings of fact, conclusions of law, and award of the referee. On appeal by defendant the court of common pleas affirmed the board. From the judgment entered in favor of claimant, defendant has appealed to this court.

The only question involved is whether claimant was actually dependent upon deceased at the time of his death. For a period of approximately ten years prior to deceased's death he and claimant had lived apart. Until two months before his death deceased gave claimant $50 a month. At that time it was arranged between claimant and deceased that the money which she was to receive he was to use to bring their son home from Rome, Italy, where he was studying. It appears from the testimony that deceased ate a meal with claimant once in a while, called on her at other times, and kept his automobile in the garage adjacent to the house in which she lived.

Section 307 of The Workmen's Compensation Act of 1915, as amended April 26, 1929, P. L. 829, §3, 77 PS §562, provided that: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him for support." [1]

___

[1] As amended by section 1 of the Act of June 21, 1939, P. L. 520, 77 PS §562, this portion of section 307 reads as follows:

The testimony is too meager to sustain the finding of the compensation authorities that claimant was totally dependent upon deceased at the time of his accidental death. But to sustain an award claimant was not obliged to establish total dependency. Actual dependency, as contemplated by the act, does not mean sole and exclusive support. *Pykosz v. Koehler & Streng Co. et al.*, 105 Pa. Superior Ct. 605, 161 A. 469. Although claimant was not living with deceased, if she was being supported by him in whole or in part at the time of his accidental death, she was a dependent within the meaning of the statute. *Shimkus v. Philadelphia & Reading Coal & Iron Co.*, 280 Pa. 88, 124 A. 335; *Icenhour v. Freedom Oil Works Co. et al.*, 136 Pa. Superior Ct. 318, 322, 7 A. 2d 152. The court below should have sustained defendant's exception to the fifth finding of fact of the referee as affirmed by the board, and the record should have been remitted for more specific findings of fact. See section 427 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, art. 4, as amended and reenacted by section 1 of the Act of January 5, 1934, P. L. 216, 77 PS §877.

We wish to point out that claimant's actual dependency at the time of deceased's death is not affirmatively established by mere proof of the receipt of monthly allowances from him. "For aught that appears she may have been well provided for otherwise. The employer cannot be held to make compensation except when the fact of actual dependency affirmatively appears": *Karpati v. Cambria Steel Co.*, 70 Pa. Superior Ct. 202, at page 206. The testimony would tend to indicate a recognition of deceased's obligation to support claimant, but it does not fully establish her actual dependency as required by the statute. See *Morris v. Yough*

"No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support."

*Coal & Supply Co.,* 266 Pa. 216, 109 A. 914; *Creasy v. Phoenix Utilities Co.,* 276 Pa. 583, 120 A. 659.

The court below in its opinion said: "There is no evidence in this case that the wife was not dependent, or that she had any additional income other than that contributed by her husband." But the absence of evidence to establish these facts does not meet the requirement that actual dependency must be affirmatively shown. Dependency is a fact to be found by the compensation authorities from the competent evidence, and receipt of a monthly allowance by claimant is of course evidence to be considered in finding that claimant was actually dependent upon deceased at the time of his death, but from such evidence alone an inference is not fairly deducible that such contributions were made for her support required by her dependency. For example, receipt by the wife of money from her husband for the purpose of accumulating a saving is not receipt of contributions for support, and does not establish her dependency within the act. See *Morris v. Yough Coal & Supply Co.,* supra, p. 221.

Another factor leading us to resubmit the case is that, at the conclusion of the taking of the testimony of claimant, defendant asked for a continuance, which was granted by the referee; no other hearing was held, and no testimony other than that of the claimant appears in the record.

In view of all the circumstances there should be further inquiry as to whether claimant was actually dependent upon deceased for support at the time of his death, or whether the payments made by him to her were for some other purpose; and proper findings of fact and applicable conclusions of law should be made by the compensation authorities.

The judgment is reversed, and the record is remitted to the court below with direction that it be returned to the Workmen's Compensation Board for further hearing and more specific findings.