Icenhour *v.* Freedom Oil Works Company,
Appellant, et al.

Argued April 21, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Forest G. Moorhead,* with him *John G. Marshall* and *John N. Sawyer,* of *Moorhead, Marshall & Sawyer,* for appellant.

*E. Y. Calvin,* for appellee.

OPINION BY RHODES, J., June 30, 1941:

This workmen's compensation case, involving dependency, is before us for the second time. We shall not repeat the history of the lengthy proceedings, which has been given in 136 Pa. Superior Ct. 318, 7 A. 2d 152. In disposing of the previous appeal we reversed the judgment entered in favor of claimant, and directed that the record be remitted to the Workmen's Compensation Board for further consideration, and for such determination as in its independent judgment might be deemed just and proper on the evidence in the record. Upon receipt of the record and after reargument, the board, having made findings of fact and conclusions of law, dismissed claimant's petition for compensation; no additional testimony was offered. Claimant again appealed to the court of common pleas, which reversed the board and entered judgment for claimant. An appeal from that judgment was then taken to this court.

We do not consider it necessary to state again in detail the facts established by the testimony, as reference may be made to our previous opinion. We repeat, however, our statement therein that the compensation authorities could have found from the evidence that claimant was dependent on deceased at the time of his death, or that she was not. There was sufficient substantial and competent evidence for the board to find either way, depending on the weight given to certain portions of the evidence, and epecially to the oral testimony of claimant. And of course all inferences to

be drawn from the testimony were for the board to make.

The court below seems firmly convinced that the compensation authorities should have made an award in favor of claimant, but, even if we agreed with that court in this respect, we must still recognize that the board is the final fact-finding body in cases arising under the Workmen's Compensation Act, 77 PS §1 et seq., and that a court cannot substitute its own findings of fact for those of the referee or board. *Berman v. George J. Blair Co. et al.,* 137 Pa. Superior Ct. 193, 194, 8 A. 2d 731. The issue in this case is factual, and it is over the findings of fact that this apparent contest has been carried on between the court below and the compensation authorities. The exhaustive and learned opinions of the court below fail to show any legal means whereby it may act as the virtual finder of facts in this case. If the court below was empowered to find the facts, its opinion would be very persuasive in support of an award in favor of claimant on the ground of dependency. But that is not the law. In its last opinion it states that the facts as to claimant's dependency are clearly established, and apparently assumes that they are undisputed. It is the law that, upon admitted and undisputed facts which permit of but one legitimate inference, dependency is a question of law. But that rule is not applicable in the present case, for the evidence does not support the statement that dependency has been established by admitted and undisputed facts. The province of the court below was to determine whether there was substantial evidence in the record sufficient to sustain the findings of fact of the board. *Wilkinson v. Jones & Laughlin Steel Co.,* 139 Pa. Superior Ct. 607, 608, 13 A. 2d 125. The exclusive power to make findings of fact is vested in the compensation authorities, and with that power goes the responsibility for the findings made.

Only one matter requires further comment. The board made, inter alia, the following findings of fact:

"5. That the claimant, Maurine Icenhour, and the deceased Elmer Grant Icenhour were legally married on March 5, 1935, and at the time of the deceased's death on June 20, 1935, the claimant and deceased were not living together, but had been living separate and apart during which time the claimant, Maurine Icenhour, had been employed as a waitress and maid at the Windsor Hotel in Beaver Falls, and during which time she supported herself and was not dependent upon the deceased for any support.

"6. That during the period from March 5, 1935 to June 20, 1935 deceased contributed approximately $3 per week to the claimant, which amount was not for her support by reason of dependency."

The board's second conclusion of law reads:

"2. From the relevant, credible testimony in this case that the deceased, Elmer Grant Icenhour, died of injuries sustained by accident in the course of his employment with the defendant, and since claimant and deceased were not living together as man and wife or was the claimant dependent upon the deceased at the time of his death, she is not entitled to compensation within the meaning of the Compensation Act of 1915, as amended."

In *Garrahan v. Glen Alden Coal Co.*, 135 Pa. Superior Ct. 307, at page 316, 5 A. 2d 437, at page 440, we said: "The findings of fact by the referee and the board should be sufficiently definite to enable the reviewing court properly to perform the duties imposed upon it which are to determine questions of law, those questions being whether findings of fact by the referee or board are supported by competent evidence and the law has been properly applied."

The above findings of fact by the board, in our judgment, meet that requirement, and there is no fatal conflict as both the fifth and sixth findings can stand together.

The fifth finding of fact is comprehensive and clear, and is a distinct finding on the material point in the case. Unless claimant, who was not living with her husband, was actually dependent upon him for support at the time of his death, within the meaning of section 307 of the Workmen's Compensation Act of 1915, as amended by the Act of April 26, 1929, P. L. 829, § 3, 77 PS § 562, she was not entitled to compensation, and deceased's employer cannot be held to make compensation unless the fact of actual dependency affirmatively appeared. *Creasy v. Phoenix Utilities Co.*, 276 Pa. 583, 585, 120 A. 659; *Karpati v. Cambria Steel Co.*, 70 Pa. Superior Ct. 202, 206.

Claimant testified that she received about $3 per week from deceased from March 5, 1935, to June 20, 1935. Although the board accepted her testimony in this respect, it found such allowance or contribution was not for her support by reason of dependency. In her signed statement, introduced in evidence and not repudiated, she said that deceased had not contributed anything toward her support either before or after they were married. She was working, and, as disclosed by her written statement, had acquiesced in the noncompliance with deceased's legal obligation to support her. As they were not living together, claimant's actual dependency at the time of deceased's death would not be affirmatively established by mere proof of receipt of contributions. *Sandy v. Hazle Brook Coal Co.*, 138 Pa. Superior Ct. 581, 583, 10 A. 2d 833. The board could accept part of claimant's oral testimony and reject the balance. *Zbirowski v. John T. Lewis & Bros. Co.*, 130 Pa. Superior Ct. 222, 196 A. 606. In so doing we find nothing irreconcilable in the findings of fact, nor is the result conflicting findings requiring reversal, as in *Garrahan v. Glen Alden Coal Co.*, supra.

Judgment is reversed, and the order of the Workmen's Compensation Board is reinstated and affirmed.