## Sandy *v.* Hazle Brook Coal Company, Appellant.

Argued December 13, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

34

*P. B. Roads,* with him *John H. Bigelow,* for appellant.

*Z. F. Rynkiewicz,* with him *W. C. Devitt,* for appellee.

OPINION BY RHODES, J., March 5, 1945:

This workman's compensation case was before us on a prior occasion (*Sandy v. Hazle Brook Coal Co.,* 138 Pa. Superior Ct. 581, 10 A. 2d 833). At that time we said (page 584) : "There should be further inquiry as to whether claimant was actually dependent upon deceased for support at the time of his death, or whether the payments made by him to her were for some other purpose; and proper findings of fact and applicable conclusions of law should be made by the compensation authorities."

The compensation authorities again made an award in favor of claimant. The court below affirmed the award and entered judgment.

On this appeal by defendant the question is again presented whether the finding of the compensation authorities that claimant was actually dependent upon her husband at the time of his death is supported by sufficient competent evidence. Claimant's rights are controlled by section 307 of the Workmen's Compensation Act of 1915, P. L. 736, as amended by the Act of April 26, 1929, P. L. 829, §3, 77 PS §562, which provided that "no compensation shall be payable under

this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him for support." We have said that actual dependency as contemplated by the act does not mean sole and exclusive support. *Sandy v. Hazle Brook Coal Co.,* supra, page 583. The receipt of support by the wife where the parties are separated indicates dependency under ordinary circumstances. *Binkley v. Stone & Webster Engineering Corp.,* 156 Pa. Superior Ct. 381, 40 A. 2d 132; *Morris v. Yough Coal & Supply Co.,* 266 Pa. 216, 220, 109 A. 914.

There is no dispute about the fact that claimant's husband was accidentally killed on May 23, 1937, while in the course of his employment with defendant. It appears that claimant was not living with deceased at the time of his death, but we think the evidence establishes that claimant was being supported by deceased to such an extent that she was a dependent within the meaning of the statute in force at the time.

From the evidence now before us it appears that deceased, during the last ten years of his life, resided in another part of the village in which claimant also lived. He went to her home daily and took his meals with her now and then. He also called upon her in the evenings and on days that he did not work. He gave her $50 per month with exception of the two months before his death. It was mutually agreed that these two payments should be utilized for the expenses of their son who was then in Rome, Italy. Deceased also kept his automobile in the garage on the premises where claimant lived. The separation was a matter of convenience; it was not the result of any quarrel or misunderstanding between them; and deceased never denied his legal obligation. See *Creasy v. Phoenix Utilities Co.,* 276 Pa. 583, 586, 120 A. 659. Claimant had been married prior to her marriage with deceased. From her prior marriage she had seven children; she and deceased had two chil-

dren, both sons. The differences which thus arose had something to do with their living apart.

Deceased paid for all medical attention required by claimant. She had no other source of income except the monthly payments made to her by deceased, and a small contribution of a few dollars a month from her daughter who was employed and resided with her. A business venture in which she engaged proved unsuccessful, and supplied no income. She was unable to pay the taxes on the property where she lived, even with the support which she received from deceased. This property, which included a small tenement occupied by a daughter from whom she received no rent, was in need of repairs, and at the time of deceased's death the ground upon which it was built had subsided. From a description of the living conditions of claimant prior to the death of her husband, and from the financial set-up of her household, there is also a legitimate inference that she was actually dependent upon deceased for her support at the time of his death. "Neither the lower court nor an appellate court can say that the board must find one way or another. Although it may feel that the weight of the evidence, as a whole, is against the finding of fact so made, it may not disturb that finding if it is supported by sufficient legally competent evidence. Hanlon v. Gulf Refining Co. et al., 115 Pa. Superior Ct. 315, 317, 175 A. 724, 725. There can be no interference by the courts with such findings, whether they be based on proved facts or inferences therefrom. Flucker v. Carnegie Steel Co., 263 Pa. 113, 119, 106 A. 192, 194": *Paulin v. Williams & Co., Inc., et al.,* 122 Pa. Superior Ct. 462, at page 466, 186 A. 415, at page 416, affirmed 327 Pa. 579, 195 A. 40.

At the hearings before the compensation authorities defendant did not offer any witnesses or submit any evidence.

Judgment is affirmed.