Gallihue, Appellant, *v.* The Autocar Company.

Argued March 26, 1951. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*David L. Ullman,* for appellant.

*Frank R. Ambler,* for appellee.

Opinion by Ross, J., July 19, 1951:

In this workmen's compensation case the claimant has appealed from an order terminating an open agreement for compensation.

On May 11, 1944, the claimant, Gallihue, suffered an accidental injury while in the course of his employment. On August 28, 1944, he and his employer entered into an open agreement for compensation for total disability, under which compensation was paid to the claimant to October 8, 1944. On November 9, the de-

fendant filed a petition to terminate, averring that the claimant's disability had ceased on October 8. After the claimant filed an answer denying that he had recovered from his injuries and averring that he still suffered partial disability, hearings were held by the referee, who found as a fact that claimant's disability had ceased on October 8 and concluded that the claimant was not entitled to further compensation. The referee's findings and conclusion of law were affirmed by the board, claimant's appeal to the Court of Common Pleas of Philadelphia County was dismissed, and this appeal followed.

The appellant advances two contentions: (1) that there was no substantial evidence to support the referee's finding of fact that claimant's disability had ceased, and (2) that certain medical testimony sought to be introduced by him was improperly excluded.

Appellant's first contention is without merit. From our examination of the record we are convinced that there is substantial competent evidence to support the finding.[1] We do not deem it necessary to review this supporting evidence since our further conclusion is that appellant's second contention is sound and the case must be remitted for further hearing.

Dr. Herbert J. Darmstadter was called as a witness by the claimant. He first saw the claimant on July 22, 1945, saw him on a number of occasions thereafter and was still treating him at the time of the last hearing, which was on September 18, 1946. The witness testified at considerable length relative to the history of the case given to him by the claimant, his treatment and his medical findings as to his condition.

---

[1] "5. From the evidence in the case, including medical testimony, your Referee is of the opinion, and finds as a fact, that all disability of the claimant as a result of the accident of May 11, 1944 ceased as of October 9, 1944."

After this testimony had been given, he was asked whether he had formed an "opinion or diagnosis as to what was wrong with the claimant", to which he answered, "I did." The witness later was asked, "Q. Do you have an opinion as to the connection, if any, between the accident of May 1944 and the condition in which you saw him? A. I have." Dr. Darmstadter's testimony as to his diagnosis and the connection between the injury and claimant's condition on July 22, 1945, was excluded by the referee on the ground that the only issue was the claimant's condition on October 9, 1944, and the witness had not seen the claimant until seven months later. It was clearly error on the part of the referee to exclude this testimony. It was competent and relevant and although its weight is and will be for the compensation authorities, it should have been admitted.

Order of the court below dismissing claimant's appeal is reversed, and the record is remitted to that court with direction to return it to the Workmen's Compensation Board for further hearing and determination.