Williams *v.* Williams, Appellant.

Argued November 19, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Ira R. Hill,* with him *Reed, Smith, Shaw & McClay,* for appellants.

*James P. Ifft, Jr.,* for appellee.

OPINION BY ARNOLD, J., January 17, 1952:

In this workmen's compensation case the only question is whether or not the widow of Charles M. Williams was actually dependent upon her husband and

receiving from him a substantial portion of her support at the time of his death. The compensation authorities found for her, and the court below upheld the award.

The decedent, an employe of his brother, was seriously injured in the course of his employment and died as a result thereof.

For some undisclosed reason claimant and her husband separated in July, 1945, and thereafter lived apart. Prior to the separation the deceased, from his own money, had purchased three pieces of property in Pittsburgh: (a) one on Bryn Mawr Road, the record title to which was in the name of the deceased; (b) a property on Clarissa Street, the record title thereof being in the name of his wife, the present claimant; and (c) a property on Lafferty Avenue, the record title to which was in the name of both husband and wife.

Prior to the separation the wife collected the rents on all of the properties and the expenses of living were divided at the end of the month, she paying from the rents and he paying from his salary. After the separation the husband lived in the Lafferty Avenue property. This property was not income-producing until about three months prior to his death. The claimant went to her parents' home in Huntingdon, West Virginia. By agreement she received the rentals from the Clarissa Street property (title in her name) and the Bryn Mawr Road property (title to which was in her husband). In 1947 he had to make repairs to the latter and requested his wife to refrain from collection of rents thereon until the mortgage given for the repairs was paid. To this she consented. As the situation then stood, she collected the rents on the Clarissa Street property. She received no income from the Lafferty Avenue property, and her income was postponed as to the Bryn Mawr Road property.

Both the testimony of the claimant and of the defendant, Williams, brother of the deceased, was that the husband had furnished the money for the purchase of all the properties, that it was understood that they were his, and that the title was placed as he desired it although the ownership was in him. In addition, Charles M. Williams, by his will dated March 29, 1949, provided: "I bequeath as follows: 4. 804; 804-½; 806 [Clarissa Street property, title to which was in the claimant] *I bought and paid for* also to go to my wife, Hattie J. Williams. . ." (Italics supplied). This bears out the understanding between him and his wife that the properties were his regardless of how the record title was placed.

Until the mortgage was placed on the Bryn Mawr property in 1947, the claimant received the monthly rentals from it in the sum of $60.00, and the rentals from the Clarissa Street property in the sum of $97.50. After the mortgage was placed her income dropped to $97.50.

The testimony of the claimant and of the employer was to the effect that the private understanding between the claimant and her husband was that the properties were his, and, as we have said, this was corroborated by his will.

The finders of the facts believed the testimony, and the question of the wife's dependency was entirely factual. The inferences to be drawn were also for the fact-finding body: *Motley v. Braun Construction Co.*, 169 Pa. Superior Ct. 141, 82 A. 2d 581. There was ample evidence to sustain the findings.

The judgment is affirmed.