## Gallihue *v.* Auto Car Company et al., Appellants.

Argued October 7, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Frank R. Ambler,* for appellants.

*Nicholas G. Petrella,* for appellee.

OPINION BY WRIGHT, J., November 12, 1957:

This is a workmen's compensation case in which the Board, affirming the Referee, granted the employer's petition to terminate an agreement for the reason that claimant's disability as a result of the accident had ceased. The court below reversed the Board and remitted the record for further hearing and determination. The employer has appealed. We are in accord with appellant's position that, under the circumstances, the order of remission was not interlocutory. See

*Messikomer v. Baldwin Locomotive Works,* 178 Pa. Superior Ct. 537, 115 A. 2d 853.

On May 11, 1944, appellee "sustained sprains of the abdomen" while doing heavy lifting in the course of his employment. An agreement was executed calling for the payment of compensation for total disability. The employer thereafter presented a petition to terminate this agreement as of October 9, 1944, for the reason that appellee's disability had ceased. Dr. Ornsteen testified for the employer that, while appellee displayed subjective symptoms, there was no objective confirmation. His conclusion was that appellee was a malingerer. This diagnosis was confirmed by records at the U. S. Marine Hospital where appellee was treated for a head injury which he received while working subsequently at the U. S. Mint. The testimony of Dr. Darmstadter, called as a witness for appellee, was excluded. Referee Clayton found as a fact "that all disability of the claimant as a result of the accident of May 11, 1944, ceased as of October 9, 1944", and therefore granted the petition to terminate. This decision was affirmed by the Board and by the Court of Common Pleas No. 4 of Philadelphia County. Judge BLUETT stated that the findings of the compensation authorities "were not only justified and warranted from the evidence and the record, but were practically compelling to such findings". On appeal to the Superior Court the record was remitted for further hearing and determination. See *Gallihue v. The Autocar Co.,* 169 Pa. Superior Ct. 303, 82 A. 2d 73. In his opinion for a unanimous Court, Judge Ross said:

"The appellant advances two contentions: (1) that there was no substantial evidence to support the referee's finding of fact that claimant's disability had ceased, and (2) that certain medical testimony sought to be introduced by him was improperly excluded.

"Appellant's first contention is without merit. From our examination of the record we are convinced that there is substantial competent evidence to support the finding. We do not deem it necessary to review this supporting evidence since our further conclusion is that appellant's second contention is sound and the case must be remitted for further hearing . . .

". . . Dr. Darmstadter's testimony as to his diagnosis and the connection between the injury and claimant's condition on July 22, 1945, was excluded by the referee on the ground that the only issue was the claimant's condition on October 9, 1944, and the witness had not seen the claimant until seven months later. It was clearly error on the part of the referee to exclude this testimony. It was competent and relevant and, although its weight is and will be for the compensation authorities, it should have been admitted".

Dr. Darmstadter subsequently testified that "there is a direct relationship between the accident and the disability". Dr. Krause testified that appellee was suffering from a "traumatic lesion of the lumbro-sacral element of the back", and that "the accident of May 11, 1944, was the direct cause". On the other hand, Dr. Ornsteen gave further testimony in support of his original conclusion. Dr. Wilson also testified on behalf of appellant. Referee Keating, who had succeeded Referee Clayton, again found as a fact "that all disability of the claimant as a result of the accident of May 11, 1944, ceased on October 9, 1944", and therefore granted the petition to terminate. Upon appeal to the Board, that tribunal was of the opinion "that the defendant had met the burden of proof required", and accordingly affirmed the Referee's findings of fact, conclusions of law, and order of termination.

Upon appeal to the Court of Common Pleas No. 6 of Philadelphia County, the decision of the Board was

reversed, and the record was remitted "so that the degree and duration of claimant's disability may be determined". The learned judge of the lower court placed his own interpretation upon the testimony of appellant's medical witnesses, and concluded that "the evidence does not sustain the defendant's burden of proof". He took the position that the statement by Judge Ross for this Court "that there is substantial competent evidence to support the finding" was merely dictum, and did not prevent him "from reaching a conclusion which the record so clearly calls for".

While we agree with present counsel for appellee that the prior finding was not binding, *Lipstok v. Haddock Mining Co.*, 156 Pa. Superior Ct. 644, 41 A. 2d 425, aff. 353 Pa. 139, the compensation authorities were certainly not required to make a contrary finding. We are of the opinion that they drew a reasonable and logical inference from the testimony of appellant's medical witnesses, *Susman v. Kaufmann's Department Store,* 182 Pa. Superior Ct. 467, 128 A. 2d 173, and that their finding upon the controlling issue was fully supported by the evidence. It was not within the province of the judge below to arrive at a different conclusion, notwithstanding his personal view regarding the weight of the evidence: *Coleman v. Fischer,* 164 Pa. Superior Ct. 261, 63 A. 2d 687; *Moore v. Hunt Mining Co.,* 163 Pa. Superior Ct. 94, 60 A. 2d 560; *Kiska v. Ziegenfuss Co.,* 154 Pa. Superior Ct. 100, 35 A. 2d 532; *Icenhour v. Freedom Oil Works Co.,* 136 Pa. Superior Ct. 318, 7 A. 2d 152; *Ferrante v. Ferrante,* 123 Pa. Superior Ct. 74, 186 A. 426; *Paulin v. Williams & Co.,* 122 Pa. Superior Ct. 462, 186 A. 415, aff. 327 Pa. 579.

Where the testimony adduced on the pivotal issue is conflicting, as in the case at bar, it is for the compensation authorities to resolve the conflict: *Witters v. Harrisburg Steel Corp.,* 183 Pa. Superior Ct. 450,

132 A. 2d 762. Findings of fact by the compensation authorities, supported by substantial and competent testimony and the most favorable inferences therefrom, must be affirmed on appeal: *Manikouski v. Morris Run Coal Mining Co.,* 163 Pa. Superior Ct. 118, 60 A. 2d 344; *Sandy v. Hazle Brook Coal Co.,* 157 Pa. Superior Ct. 33, 41 A. 2d 432; *Johnson v. Valvoline Oil Co.,* 131 Pa. Superior Ct. 266, 200 A. 224.

The order of the lower court is reversed, and the decision of the Board is reinstated.