# Walker, Appellant, v. Aluminum Company of America.

Argued November 12, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward J. Steiner,* for appellant.

*R. E. Best,* with him *Edward S. Stiteler,* and *Smith, Best and Horn,* for appellee.

OPINION BY GUNTHER, J., January 21, 1958:

The court below reversed the findings of fact and award made in favor of the claimant, Mary Ann Walker, by the Workmen's Compensation Board.

Nathaniel Walker, Sr., an employe of the Aluminum Company of America, died on October 15, 1953, as a result of an accident; his widow filed a claim petition. The referee disallowed compensation and the board affirmed the findings of the referee on May 4, 1955. An appeal was taken by claimant to the Court of Common Pleas of Armstrong County and the case was remanded to the board for the purpose of making specific findings. The board, on January 25, 1956, made specific findings and an award in favor of the claimant. The employer then filed an appeal in the Court of Common Pleas of Westmoreland County which was sustained; the findings of fact, conclusion

of law and opinion of the board were reversed. From that judgment claimant filed this appeal.

The court below, in reversing the board, held that the board disregarded the evidence and that the award was inconsistent with claimant's testimony. Claimant contends that the lower court should be reversed and the order of the board reinstated.

The question raised on this appeal is whether the claimant was actually dependent upon the decedent and whether she was receiving from him a substantial portion of her support at the time of his death. This, we believe, was a question of fact for the board. What was or was not a substantial portion for her support was also for the board. In *Morris v. Yough Coal & Supply Co.,* 266 Pa. 216, 109 A. 914, the court held that no rigid rule can be laid down as to the amount or character of evidence necessary to show actual dependency, therefore, each case must be controlled by its own circumstances; but the term actual dependency does not mean sole and exclusive support. The burden was upon the claimant to establish dependency and the fact that she was receiving a substantial portion for her support.

From the testimony presented by the claimant the board made the following findings of fact:

"Third: The claimant left to survive him the claimant-widow, who at the time of death, was not actually living with him, but her decedent contributed the sum of $20.00 semi-monthly to her for her support, maintenance and well-being.

"Fourth: We find that said payments were actually used for claimant's support and that she was actually dependent in part upon the decedent.

"Fifth: We find further that the sums which she received constituted a substantial part of her support,

although the claimant was gainfully employed at the time of her decedent's death."

Claimant's testimony, the testimony of her son and her two witnesses show that the decedent contributed to her support until the time of his death. While claimant and decedent had not lived together as husband and wife since 1942, decedent lived next door to the claimant on friendly terms, especially during the last year of his life. Not only were they on friendly terms but the husband ate some meals at claimant's home and visited there on week ends.

The court below evidently was mislead by its belief that claimant was self-supporting because she was receiving wages of $25 per week, her board, lodging, uniforms and occasional articles of clothing. The testimony, however, also shows that claimant was unemployed and had no income for two months of each year except that given to her by the decedent. She could not have existed without receiving regular contributions from her husband.

There is no yard stick for measuring the amount necessary to constitute substantial support. There are no specific requirements that a claimant must depend upon her husband's contributions in order to maintain a bare subsistence of life. The board accepted the testimony that decedent contributed $20 every two weeks; that this sum was necessary for her living expenses and that it represented a substantial contribution to her support.

While dependency must be actual it is not necessary that it be exclusive; it must be real but need not be total. *Fitzpatrick v. Hudson Coal Co.,* 159 Pa. Superior Ct. 53, 46 A. 2d 589. Dependency does not mean sole and exclusive support. The receipt of support by the wife where the parties are separated indicates dependency under ordinary circumstances. *Sandy v.*

*Hazle Brook Coal Co.,* 157 Pa. Superior Ct. 33, 41 A. 2d 432; *Binkley v. Stone & Webster Engineering Corp.,* 156 Pa. Superior Ct. 381, 40 A. 2d 132.

In *Morris v. Yough Coal & Supply Co.,* supra, our Supreme Court held that when the wife lives separate from her husband with his consent, earning money through her own labor, which partly reduces her living expenses, and the husband during that period maintains the family relation, visiting his wife, paying a certain portion of the necessary expenses for her support, and often contributing other sums for her use and all these happenings occur frequently for a year and a half immediately before the accident to her husband, a finding that the wife was actually dependent from this partial support will not be disturbed.

In the case before us there is no evidence of any repudiation by the decedent of his legal obligation to support his wife. On the contrary, the evidence disclosed that during the separation, claimant brought legal proceedings for support but that no formal order was entered because decedent voluntarily agreed to support claimant. In *Yanofchick v. State Workmen's Ins. Fund,* 174 Pa. Superior Ct. 182, 100 A. 2d 387, we held that claimant's alleged dependency was a factual matter for determination by the compensation authorities. The board having made its findings of fact such findings must be sustained by this Court unless there was a capricious disregard of competent evidence. The finders of the facts believed the testimony, and the question of the wife's dependency was entirely factual. The inferences to be drawn were also for the fact-finding body. *Williams v. Williams,* 170 Pa. Superior Ct. 372, 85 A. 2d 638; *Motley v. C. F. Braun Construction Co.,* 169 Pa. Superior Ct. 141, 82 A. 2d 581.

In view of the fact that there was ample evidence to sustain the findings of the board, the judgment of

the court below is reversed and record is remanded to the court below for the entry of judgment on the award in favor of claimant.

———

DISSENTING OPINION BY ERVIN, J.:

I am obliged to respectfully dissent in this case because in my judgment it is ruled by our unanimous decision in the case of *Carter v. Vecchione,* 183 Pa. Superior Ct. 595 (Allocatur refused 184 Pa. Superior Ct. xxv) 133 A. 2d 297.

I agree with the majority that when there is a dispute as to the facts, the board's finding is conclusive. When, however, the facts are admitted and permit but a single legitimate inference, the question becomes one of law: *Icenhour v. Freedom Oil Works Co.,* 145 Pa. Superior Ct. 168, 20 A. 2d 817; *Motley v. Braun Construction Co.,* 169 Pa. Superior Ct. 141, 82 A. 2d 581; *Carter v. Vecchione,* supra, at page 601. In the present case there was no dispute as to the facts. The claimant-widow was not living with the decedent at the time of his death and she had not been living with her husband since 1942. She was employed, receiving wages of $25.00 per week, her board and lodging, uniforms and occasional articles of clothing. Her husband contributed the sum of $20.00 semi-monthly to her for her support. The claimant was receiving $25.00 per week as wages, her board and lodging of the approximate value of $15.00 a week, uniforms and occasional articles of clothing, which were not valued but which certainly had some value. The undisputed evidence reveals that the claimant was earning in excess of $40.00 per week and received from her husband approximately $9.00 per week for her support. The husband contributed less than one-fifth of the total amount necessary for her support and maintenance. What we said in

*Carter v. Vecchione,* supra, at page 601, is applicable here: "Prior to 1939, where husband and wife were not living together, the widow, in order to become entitled to compensation, was required only to affirmatively establish that she was actually dependent upon him for support, and actually receiving support from him was not essential to her right to compensation. The Workmen's Compensation Act was amended in 1939 to provide that 'No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and *receiving from him a substantial portion of her support.'* (Emphasis added) Act of June 21, 1939, P. L. 520, §1, 77 PS §562. Subsequent amendments have not changed the language of the 1939 amendment. The first case involving the 1939 amendment was Hendricks v. Bethlehem Steel Co., 150 Pa. Superior Ct. 257, 27 A. 2d 264. In that opinion Judge, now President Judge, RHODES said: 'But under the Act of 1939 the fact that a wife, living apart from her husband, was actually dependent upon him at the time of his death is not sufficient in itself to establish the right of the widow to compensation; *she is also required to affirmatively show as a fact that she was then receiving from him a substantial portion of her support. Her right to compensation has been made to depend upon the fact of receiving support at the time of his death.'* (Emphasis added) . . . .

"We have not clearly defined what the legislature intended by the additional language 'and receiving from him a substantial portion of her support.' Certainly the legislature intended to make it more difficult for a wife, separated from her husband, to obtain compensation. In Webster's New International Dictionary, Second Edition, Unabridged, the word 'sub-

stantial' is defined: '7. Considerable in amount, value, or the like; large; as, a substantial gain. . . . 10. Of or pert. to the substance or main part of anything.' The evidence in this case would not permit a fact finder to find that the claimant was receiving the main part of her support from her husband."

In my judgment, less than one-fifth of the amount necessary for support of a claimant is not sufficient to amount to "a substantial portion of her support."

I would therefore affirm the order of the court below.

WOODSIDE and WATKINS, JJ., join in this dissenting opinion.