Obzut, Appellant, *v.* Philadelphia and Reading Coal and Iron Company.

Argued June 13, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William J. Krencewicz,* for appellant.

*Wilson H. Oldhouser,* Assistant Attorney General, with him *Hiram J. Bloom,* Special Assistant Attorney General, and *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., September 13, 1962:

The claimant in this Workmen's Compensation case has appealed to this Court from an order of the court below affirming an order of the board denying compensation.

The claimant is totally disabled by reason of anthraco-silicosis and pulmonary tuberculosis. The claimant worked inside coal mines from 1934 to February 28, 1955. In his petition for compensation, he alleged that he became totally disabled on January 15, 1959,

but the board found as a fact that he became totally disabled on December 10, 1959, which was the date Dr. A. J. Cook informed the claimant that he had anthraco-silicosis. The claim was filed on December 22, 1959, and notice of disability given to the employer on that date.

The referee found that the claimant had become totally disabled January 15, 1959, but denied compensation because notice of the claimant's total disability due to anthraco-silicosis was not given by the claimant to his employer within a period of 120 days after his disability began, as required by §311 of The Pennsylvania Occupational Disease Act of June 21, 1939, P.L. 566, as amended, 77 P.S. §1411.

The board found that disability occurred on December 10, 1959, but denied compensation on the ground that the disability had not occurred within four years of the last employment in such occupation or industry as required by §301(c) of The Pennsylvania Occupational Disease Act, supra, 77 P.S. §1401(c).

The claimant's unfortunate position is set forth in Commissioner Noonan's opinion when, speaking for the board, he said:

"From the above, it is clear that the claimant finds himself upon the horns of a dual dilemma. If it is found, as the referee did, that the claimant became totally disabled on January 15, 1959, then a favorable consideration of the claimant's cause is unwarranted because notice was not given to the defendant employer until more than 120 days thereafter. On the other hand, if it is established that the claimant became totally disabled on December 10, 1959, then Section 301(c) bars an award. Since Dr. Cook did not see the claimant until November of 1959, his opinion that the claimant was totally disabled on January 15, 1959, is speculative, conjectural and not predicated upon fact."

It is the prerogative of the board, and not the court, to weigh the testimony of witnesses and to accept or reject it in whole or in part. *Goodman v. University Shop, Inc.*, 195 Pa. Superior Ct. 129, 131, 169 A. 2d 316 (1961). Even uncontradicted testimony need not be accepted as true. *Smith v. Pullman-Standard Car Mfg. Co.*, 194 Pa. Superior Ct. 263, 268, 269, 166 A. 2d 299 (1960). Where, as here, the decision of the board is against the party having the burden of proof, the question for the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51 (1942); *Chuplis v. Steve Shalamanda Coal Co.*, 192 Pa. Superior Ct. 76, 80, 159 A. 2d 520 (1960).

The appellant contends that the board was guilty of a capricious disregard of the competent evidence. He particularly objects to the board's rejection of Dr. Cook's testimony concerning the claimant's disability on January 15, 1959. The board indicated in its opinion that it rejected Dr. Cook's testimony as to the date of the claimant's total disability because the witness had not seen the claimant until about ten months after that date. The appellant cites *Gallihue v. Autocar Co.*, 169 Pa. Superior Ct. 303, 82 A. 2d 73 (1951), as supporting this contention. If that case is relevant to this situation at all, it can stand for no more than that the testimony of Dr. Cook was admissible. The doctor's testimony was admitted, considered and rejected by the board. It had the right to reject this testimony.

The appellant further contends that the board considered only the medical testimony in determining the date of disability. In the board's discussion, it made reference to the medical evidence but that is no indica-

tion that it did not consider all the evidence that related to the issue. Counsel for appellant says in his brief concerning the plaintiff that "there was a stipulation as to his testimony if he were called, and consequently it was agreed and stipulated, 'That he became totally disabled due to anthraco-silicosis on the 15th day of January, 1959 . . .'" A stipulation that a witness would testify to something is not a stipulation that the thing testified to is true. It was not "agreed and stipulated" that the claimant became disabled on January 15, 1959, but only that the claimant would testify to disability on that date.

Order affirmed.

---

DISSENTING OPINION BY FLOOD, J.:

The board supposes that the claimant is confronted by an inescapable dilemma: he is disqualified either because disability occurred more than four years after his last day of employment in February, 1955, or because his notice was given more than one hundred twenty days after the onset of disability. This dilemma is unreal. Its second major premise is false. The one hundred twenty day period for giving notice does not run from the date of onset of disability or even from the date when the claimant suspects that his disability may be due to the disease. It begins to run only when he "definitely knows that he is disabled by the occupational disease". On this the cases are clear: *Ciabattoni v. Birdsboro Steel Foundry & Machine Co.*, 386 Pa. 179, 125 A. 2d 365 (1956); *Roschak v. Vulcan Iron Works*, 157 Pa. Superior Ct. 227, 42 A. 2d 280 (1945).

The claimant did not definitely know that he was disabled by anthracosilicosis until December 10, 1959. He gave timely notice twelve days later.

The only real question to be decided is whether total disability occurred within four years of February

28, 1955, the claimant's last day of employment with the defendant.

The claimant's testimony, by stipulation, is that he has not worked since January 1959 due to shortness of wind and lung involvement. There is no contradiction of this testimony in the record. The only other testimony as to the date of disability in this scanty record is that of Dr. Cook. He stated that he examined the claimant on November 20, 1959, and ordered an X-ray examination. The X-ray examination was made by Dr. Mulligan, who on November 21, 1959, diagnosed the claimant's condition as "advanced third stage anthracosilicosis with bilateral emphysema and complicating infection". Dr. Cook first told the claimant he had anthracosilicosis about December 10, 1959, but his professional opinion was that this disease had totally disabled him on January 15, 1959.

It is clear from a review of the testimony that the board's finding that total disability occurred on December 10, 1959 is without any support in the evidence. No one so testified. The X-ray report makes it clear, on the contrary, that the disability occurred not later than November 21, 1959. It seems like a capricious disregard of the claimant's uncontradicted testimony to say that it occurred later than January 15, 1959.

More than this, the board reached its finding that the claimant became totally disabled on December 10, 1959, by illogically equating the date of the doctor's "final *firm* diagnosis" with the date of the commencement of the claimant's disability.

Finally, the board improperly disregarded the doctor's opinion. It disposed of it in one sentence: "Since Dr. Cook did not see the claimant until November of 1959, his opinion that the claimant was totally disabled on January 15, 1959, is speculative, conjectural and not predicated upon fact." The board did not say it disbelieved the doctor's testimony. It said, in effect, that

it had no probative value. It did not weigh it against contradictory testimony and reject it. There was no contradictory testimony. The statement that the doctor's opinion is "speculative, conjectural and not predicated upon fact", by itself, indicates that the board may have weighed the opinion and found it wanting. But the express reason given for this condemnation is that "Dr. Cook did not see the claimant until November of 1959". This makes it clear that what the board did was to disregard the doctor's opinion as to the date of disability because he did not see the claimant until some months later and this rendered him incompetent to give such an opinion. In substance the board did here precisely what we reversed it for doing in *Gallihue v. Autocar Co.*, 169 Pa. Superior Ct. 303, 82 A. 2d 73 (1951). The board has, in effect, held that a claimant is barred, even though his disability occurs within the four year limit, unless there is testimony from a doctor who saw him on or before the onset of total disability or before the end of the four year period. This is not the law.

I would remand the case to the board for further proceedings in accordance with this opinion.