Hendricks Appellant, *v.* Bethlehem
Steel Company.

Argued April 24, 1942.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Ralph C. Davis,* with him *E. T. Adair,* for appellant.

*Karl W. Warmcastle,* with him *Thomas Lewis Jones,* for appellee.

OPINION BY RHODES, J., July 27, 1942:

This is an appeal by claimant from judgment entered by the court below for defendant in a workmen's compensation case. James M. Hendricks died on June 3, 1940, as a result of injuries accidentally received in the course of his employment with defendant. Claimant and deceased were married on August 27, 1919, and resided together in Allegheny County until January 8, 1935. They had one child, a son. On January 8, 1935, claimant and deceased separated, and from then to the date of his death he lived and cohabited with another woman. Two children were born of the latter relationship.[1] On August 11, 1936, the County Court of Allegheny County made an order directing deceased to pay $5 per week for the support of their son who resided with claimant. This amount was intermittently paid by deceased.

Claimant made a claim for compensation as the dependent widow of deceased. The referee found that claimant was not living with deceased at the time of his death, that she was not dependent upon him at that time, and that he did not contribute to her support subsequent to January 8, 1935. The claim petition was dismissed and compensation disallowed. On appeal the board affirmed the findings of fact and conclusions of law of the referee. The court of common pleas affirmed the board and entered judgment for defendant.

The question as to claimant's right to compensation arises under the Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, §1, which further reenacted and amended the Act of June 2, 1915, P. L. 736, §307 (7), 77 PS §562, and which provides: "No compensation shall be payable under this section to a

_____

[1] As of September 6, 1940, according to the original record.

widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support." In the Act of June 2, 1915, P. L. 736, and all amendments thereto including the Act of June 4, 1937, P. L. 1552, section 307 (77 PS §562) contained the following: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him for support."

There is no dispute about the facts. It is conceded that deceased was fatally injured in the course of his employment with defendant, that claimant and deceased did not live together after January, 1935, that their marriage had not been dissolved prior to deceased's death, and that deceased did not voluntarily or directly contribute to claimant's support after January 8, 1935. Prior to the Act of 1939, where husband and wife were not living together, the widow, in order to become entitled to compensation, was required only to affirmatively establish that she was actually dependent upon him for support, and actually receiving support from him was not essential to her right to compensation. *Creasy v. Phoenix Utilities Co.*, 276 Pa. 583, 586, 120 A. 659; *John v. Susquehanna Collieries Co.*, 113 Pa. Superior Ct. 493, 499, 173 A. 684. But under the Act of 1939 the fact that a wife, living apart from her husband, was actually dependent upon him at the time of his death is not sufficient in itself to establish the right of the widow to compensation; she is also required to affirmatively show as a fact that she was then receiving from him a substantial portion of her support. Her right to compensation has been made to depend upon the fact of receiving support at the time of his death.

It is claimant's contention that she was receiving from deceased a substantial portion of her support, and that the compensation authorities erred in not so finding. The argument to this effect is predicated upon

260

the fact that the County Court of Allegheny County had made an order on deceased to pay $5 per week for the support of their son, and upon her testimony that she had used this money for her own support as well as that of the child.

A support order would not be conclusive proof of the receipt of support. It may be a material factor in the establishment of actual dependency as tending to prove that the wife did not acquiesce in her husband's noncompliance with his obligation to support her. Certainly claimant's actual dependency at the time of deceased's death could not be established by an order of support for their child, even though the order was the result of a complaint by her asking for support for both. After the separation she secured employment, and her salary was used for the support of herself and child. It does not appear that deceased made any contribution toward her support after January, 1935. Moreover, there was no support order directing that he do so; the support order was limited to the child. It is no answer to the requirements of the statute to say that she used payments for the child's support for herself. She did not receive anything from him for her own support after their separation. This being the situation, as disclosed by the undisputed facts, it is our conclusion that the law has been properly applied.

The judgment is affirmed.