Binkley *v.* Stone & Webster Engineering
Corporation et al., Appellants.

Argued October 25, 1944. Before KELLER, P. J.,
BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Harry Alvan Baird,* with him *T. J. Purdy,* for appellants.

*Michael Kivko,* with him *Harry S. Knight,* for appellee.

OPINION BY HIRT, J., December 15, 1944:

The question in this appeal is whether the widow-claimant was dependent upon her husband for support at the time of his death, within the intent of the Act of June 21, 1939, P. L. 520, §1, 77 PS 562, amending the Workmen's Compensation Act of June 2, 1915, P. L. 736. Both the referee and the board awarded compensation and the court affirmed. It is admitted that claimant's husband came to his death from accident on May 27, 1942 in the course of his employment with Stone & Webster Engineering Corporation in the City of Williamsport.

Claimant married decedent John S. Binkley in 1907; they lived together as husband and wife for thirty years. During that period he was steadily employed by the Pennsylvania Railroad as a master carpenter. Beginning in 1935 he became infatuated with another woman; he began drinking to excess and his conduct toward his wife was abusive. She left him in 1937 for these reasons and immediately brought an action in Lycoming County, in which the court made an order of $80 per month for her support. Later, because of neglect of his work he lost his employment with the railroad; thereafter he worked at odd jobs and his earnings were casual and small. For this reason claimant agreed upon a reduction of his liability under the court order to $12.50 per week. He made but 20 weekly pay-

ments, the last of them in March 1938; nothing has been received since. Claimant, although in bad health was obliged to work to live. She did housekeeping; she worked on W. P. A. projects and as a cook in an institution for epileptics. At least once every two months over a period of three years she made investigations as to the whereabouts of her husband, principally through the District Attorney's office, in an effort to locate him and to find out whether he was working. In January 1942 he was more than $2,000 in arrears on the support order as modified by the agreement, and she then petitioned the court for an attachment. Unknown to her, he was employed with Stone & Webster Engineering Corporation in Williamsport for two months before his death. She did not locate her husband or learn of his employment until she received word of his death. She made arrangements for his burial.

The above section of the 1939 amendment provides: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him *and receiving from him a substantial portion of her support.*" The italics indicate the additional limitation of the 1939 Act over the original Workmen's Compensation Law of 1915 and subsequent amendments. Appellant contends that claimant is barred because she was not actually receiving support from her husband at the time of his death.

Where the parties are not living together recovery under the amendment still rests upon proof of dependency. The amendment places the burden on a claimant to show not only legal liability for support, arising from the marital status, but *actual* dependency as well. Under ordinary circumstances where the parties are separated, dependency is evidenced by the receipt by the wife of at least some support from her husband; for a separation may be by consent under circumstances

which amount to a repudiation of the husband's legal obligation acquiesced in by the wife, or the conduct of the wife may have been such as to relieve the husband from all liability for her support. All of the prior statutes required that the dependency be "actual" and the limitation of the 1939 amendment placed emphasis upon that requirement. The manifest purpose of this legislation was to bar fraudulent claims, and in our view this dominant intent overrides a literal interpretation of the limitation in question when applied to the facts in this case. The circumstance that claimant was employed did not rebut the assertion of actual dependency (*Morris v. Yough Coal & Supply Co.*, 266 Pa. 216, 109 A. 914) nor the fact that she was not receiving support from her husband at the time of his death. *Creasy v. Phoenix Utilities Co.*, 276 Pa. 583, 120 A. 659. In the *Morris* case it was held: "No rigid rule can be laid down as to the amount or character of evidence necessary to show actual dependency; therefore each case must be controlled by its own circumstances." The *Creasy* case thus states the test to be applied: "The criterion in cases of this character, consequently, must be whether or not a wife, living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circumstances amounting to a repudiation by him of his legal obligation to support his family." Cf. *Berman v. George J. Blair Co. et al.*, 137 Pa. Superior Ct. 193, 8 A. 2d 731.

Claimant's husband never moved to have the court order vacated and he did not otherwise repudiate his obligation to support her except by non-performance. When he stopped paying, she sought employment from necessity, against the advice of her physician. She had no other means except the support order and she continually asserted her dependency by trying to locate her husband and to force him to pay. The referee found that "claimant used every legal effort within her com-

mand to collect the support order." The conclusion of the board was: "Under the circumstances, she did all she could reasonably be expected to do. Her failure to receive payments on the support order was due to decedent's evasion of his obligation and the intentional concealment of his whereabouts. We can presume that had claimant known where her husband was employed legal process would have produced compliance with the order and payment of money to claimant." We must accept the finding and conclusion of the board since the evidence is sufficient to support it (*Berman v. George J. Blair Co. et al.*, supra) and consider her continued effort to collect as the legal equivalent of actual receipt of support.

We think the test laid down in *Creasy v. Phoenix Utilities Co.*, supra, is applicable under the 1939 amendment to the facts in the present case and is controlling in determining claimant's right to an award. The legislature in our view, did not intend to lay down a harsh rule that recovery in cases like the present must rest upon actual payment of support.

*Hendricks v. Beth. Steel Co.*, 150 Pa. Superior Ct. 257, 27 A. 2d 264, relied on by appellant, distinguishes itself. There the order was for the support of a child alone. Either the husband was not liable for the wife's support or she acquiesced in his failure to support her. She was barred on either alternative.

Judgment affirmed.