## Petrucci *v.* Payne Coal Company, Appellant.

Argued March 6, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*S. W. Rhoads,* for appellant.

*Albert B. Carrozza,* with him *Albert L. Anselmi,* for appellee.

OPINION BY RENO, J., April 12, 1945:

Antonio Petrucci died August 9, 1941, as the result of a compensable accident, and the sole question is whether his widow is a dependent within the meaning of §307 of the Workmen's Compensation Act, as last amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS §562, as follows: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support." The referee disallowed the claim presented by the widow's guardian; the board reversed the referee and awarded compensation; the court below affirmed the board.

Since 1930 the widow has been steadily confined to

a mental institution. The decedent filed a bond, and paid for her maintenance until 1935. His earnings varied; they never exceeded $1,200 a year and in 1939 amounted to only $893. Meanwhile, aided by the small contributions of one of his sons who was partially employed, he provided a home, food and clothing for his children. He visited his wife regularly; supplied her with extra clothing; brought her fruits, cakes and other food not provided by the institution; and on each visit gave her or the head nurse $5 or $10 for incidental expenses. He never repudiated his obligation to support her. For five years he paid nothing to the poor or institution district for her maintenance; but, on the other hand, the authorities made no request or demand for payment. The reasons which moved the authorities to omit requests for payments do not clearly appear, although there are intimations in the record that demands were withheld because the officers knew of his financial status and of his inability to pay for his wife's maintenance in addition to supporting his children. And, hoping against hope, for she was incurably insane, he repeatedly and unsuccessfully applied for her parole and kept her bedroom in their small home open and in readiness for her return.

We have, then, a case where the widow was not living with her husband at the time of his death; that is, they were physically separated, the family relation was disturbed, not by the conscious act of either party, but by the inexorable demands of an incurable disease. No repudiation or evasion of the husband's obligation to support appears; and the omission to maintain the wife is completely explained by the circumstance that his earnings were not sufficient to support both his wife and his family which he was trying to hold together against the day of her return. Did the legislature intend, by the amendment of 1939 adding the words, "and receiving from him a substantial portion of her support",

that a widow, in the circumstances presented by this record, should be denied an award?

The question is completely answered by our recent case, *Binkley v. Stone & Webster Engineering Corp.*, 156 Pa. Superior Ct. 381, 40 A. 2d 132. There, on facts much weaker than those presented by this record, in an opinion by Judge HIRT, buttressed by a critical examination of prior legislation and decisions, we held, p. 384: "The manifest purpose of this legislation [the Amendment of 1939] was to bar fraudulent claims, and in our view this dominant intent overrides a literal interpretation of the limitation in question when applied to the facts in this case." Further consideration of the question and particularly the circumstances of this case has reinforced and strengthened the conviction there expressed, and accordingly we again hold, p. 385: "The legislature in our view, did not intend to lay down a harsh rule that recovery in cases like the present must rest upon actual payment of support."

Judgment affirmed.