## Kelly *v.* Star Auto Painting Company et al., Appellants.

Argued October 9, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*George H. Detweiler,* with him *Robert A. Detweiler,* for appellants.

*Samuel H. Torchia,* for appellee.

OPINION BY DITHRICH, J., November 12, 1947:

In this appeal from an award of workmen's compensation, we find that there are not sufficient findings of fact by the referee or the board to sustain the award.

The claimant and the decedent were married May 8, 1915, in Carthage, N. C., but had been separated since May 29, 1929. For about a year following the separation decedent lived in Massachusetts, but he had since lived in Philadelphia until his death on October 19, 1944, as

a result of an injury accidentally sustained in the course of his employment by the appellant employer.

Following the separation claimant continued to live and still lives in Carthage, N. C. She offered testimony to prove that she not only was actually dependent upon decedent for a substantial portion of her support, but that she also was receiving it. The referee found as a fact that she was dependent upon the decedent for support but made no finding that she was receiving support, and on appeal the board affirmed the referee's findings of fact but made no additional finding of its own. The Workmen's Compensation Act, as amended June 21, 1939, P. L. 520, §1, 77 PS 562, provides that: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him *and receiving from him a substantial portion of her support."* (Emphasis added.) The italics indicate the additional requirement of the amendment.

The first case involving the 1939 amendment to be brought before this court was *Hendricks v. Bethlehem Steel Co.,* 150 Pa. Superior Ct. 257, 27 A. 2d 264. In an opinion by Judge, now President Judge, RHODES affirming the refusal of an award of compensation, the court said (p. 259):

"Prior to the Act of 1939, where husband and wife were not living together, the widow, in order to become entitled to compensation, was required only to affirmatively establish that she was actually dependent upon him for support, and actually receiving support from him was not essential to her right to compensation. (Citing cases.) But under the Act of 1939 the fact that a wife, living apart from her husband, was actually dependent upon him at the time of his death is not sufficient in itself to establish the right of the widow to compensation; *she is also required to affirmatively show as a fact that she was then receiving from him a substantial portion*

*of her support. Her right to compensation has been made to depend upon the fact of receiving support at the time of his death."* (Emphasis added.)

In *Binkley v. Stone & Webster Engineering Corp. et al.,* 156 Pa. Superior Ct. 381, 40 A. 2d 132, and *Petrucci v. Payne Coal Company,* 157 Pa. Superior Ct. 121, 42 A. 2d 91, relied on by appellee, there was no departure from our interpretation of the limitation in *Hendricks v. Bethlehem Steel Co.,* supra. In the *Binkley* case there was a court order for the support of the wife, on which the decedent was more than $2,000 in arrears, an attachment had issued, and we considered her continued effort to collect (p. 385) "as a legal equivalent of actual receipt of support"; and in the *Petrucci* case the widow had been confined to a mental institution during the separation. We there said in an opinion by RENO, J. (p. 123):

"No repudiation or evasion of the husband's obligation to support appears; and the omission to maintain the wife is completely explained by the circumstance that his earnings were not sufficient to support both his wife and his family which he was trying to hold together against the day of her return."

But this appears to be a case that calls for affirmative proof both as to dependency and the receiving of support if an award is to be sustained. It may be that a finding that claimant was receiving support was not made for the reason that the compensation authorities did not deem such a finding necessary; but on the other hand it may be because they considered the evidence too meager to support a finding to that effect. In that respect it should be borne in mind that in 1939 the legislature added to the requirement of section 422 of the act that "all findings of fact shall be based only upon competent evidence," the words "sufficient to justify same," Act of June 21, 1939, P. L. 520, §1, 77 PS 834.

The judgment is reversed and the record is remitted to the court below with direction that it be returned to the Workmen's Compensation Board for further hearing and findings.