## Rickenbach, Appellant, *v.* Allentown Portland Cement Co. et al.

Argued September 26, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Ralph C. Body,* with him *R. Solomon Bear* and *Body, Muth, Rhoda & Stoudt,* for appellant.

*John D. Glase,* with him *Stevens & Lee,* for appellees.

OPINION BY HIRT, J., November 14, 1950:

This action was brought by the widow of decedent, as claimant, who asserted the right to compensation on the ground that she was dependent upon her husband for support at the time of his death, although not then living with him.

It was admitted that decedent came to his death on June 23, 1947, from accidental injury in the course of his employment with defendant. The Board, however, also on undisputed testimony, affirmed the finding of the Referee "that at the time of the decedent's accidental injury and death the claimant was not dependent upon him for support and had not been so de-

pendent for the last ten years". The Board also made additional findings to the effect that decedent "did not contribute to his wife's support for about ten years prior to his death" and that he "repudiated his obligation to support claimant who acquiesced in the same". Upon these findings the Board dismissed claimant's petition. The question of a wife's dependency is factual, (*Morris v. Yough Coal & Supply Co.*, 266 Pa. 216, 109 A. 914) and since the decision of the Board is against the claimant, the order in this case must be affirmed inasmuch as the findings of fact are consistent with each other and with the Board's conclusion, as evidenced by its order of dismissal. Only a capricious disregard of admitted facts could lead to a different result. Cf. *Schrock v. Stonycreek Coal Co., et al.*, 152 Pa. Superior Ct. 599, 33 A. 2d 522.

Beginning with the amendment of §307 of the Workmen's Compensation Act by the Act of June 21, 1939, P.L. 520, and under all subsequent amendments[1] a widow not living with her husband at the time of his death, to establish dependency, must show that she was then receiving from him a substantial portion of her support. In *Binkley v. Stone & Webster Eng. Corp.*, 156 Pa. Superior Ct. 381, 40 A. 2d 132, we construed this statutory provision thus: "Where the parties are not living together recovery under the amendment still rests upon proof of dependency. The amendment places the burden on a claimant to show not only legal liability for support, arising from the marital status, but *actual* dependency as well. Under ordinary circumstances where the parties are separated, dependency

---

[1] The applicable amendment of May 18, 1945, P.L. 671, repeating the language of the 1939 Act, provided: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support".

is evidenced by the receipt by the wife of at least some support from her husband; for a separation may be by consent under circumstances which amount to a repudiation of the husband's legal obligation acquiesced in by the wife, or the conduct of the wife may have been such as to relieve the husband from all liability for her support".

Claimant and her husband were married in 1921. They separated on April 30, 1935 when he deserted her and their two young children. Thereafter claimant brought a proceeding against her husband for support. And on October 23, 1937, the Court of Quarter Sessions of Berks County made an order directing him to pay his wife $10 per month until March 11, 1938 and $12.50 per month thereafter. There was no appeal from the order nor was it ever rescinded or modified. Decedent complied with the order until he had paid a total of about $160 and then stopped payments entirely. After 1938 and up to the time of his death, he paid nothing to his wife for her support. In an effort to compel her husband to support her, claimant reported his delinquency on two occasions to the "non-support office" of the county; the second and last complaint was made "some time in 1939" and on each occasion her husband quit his job to avoid compliance with the support order. Claimant, following the separation has been employed continuously and since October 1947 has earned from $25 to $30 per week. Until her children became self supporting she was dependent upon her earnings for her support and the support of her children.

In the Binkley case the widow claimant had not received support from her husband for several years prior to his death. His whereabouts were unknown but she had a support order against him and she continually asserted her dependency by trying to locate him in order to force him to pay. At the time of his death he was $2,000 in arrears and an attachment had issued.

The referee found upon sufficient competent evidence that "claimant used every legal effort within her command to collect the support order". With the findings of fact in her favor we held that claimant was not barred by a literal interpretation of the limitation of the Act. Her failure to receive support, as the Board found, was due to her husband's evasion of his obligation and his intentional concealment of his whereabouts. Under the circumstances of that case the claimant's persistent efforts to collect were regarded as the legal equivalent, under the Act, of actual support.

Here, on the contrary, the claimant widow did not exhaust the available remedies to force her husband to support her. She did nothing after 1939 to bring her husband to account, although he was employed and she knew where he was during the entire period up to the time of his death. And she admitted that she knew also that she could have had him taken on a capias, on application to the court through the non-support office of the county. Her failure to act for almost 10 years must be taken as acquiescence by her in her husband's repudiation of his legal obligation to support her. On this ground, under the findings, supported by undisputed evidence, the claimant is barred. Cf. *Creasy v. Phoenix Utilities Co.*, 276 Pa. 583, 120 A. 659; *Berman v. George J. Blair Co. et al.*, 137 Pa. Superior Ct. 193, 8 A. 2d 731; *Hendricks v. Beth. Steel Co.*, 150 Pa. Superior Ct. 257, 27 A. 2d 264.

Order affirmed.