Motley *v.* C. F. Braun Construction Co., Appellant.

Argued March 28, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

Herbert A. Barton, with him V. P. Sumerfield, Jr., and Swartz, Campbell & Henry, for appellants.

Louis Mitchell Paul, with him John M. Smith, Jr., for appellee.

OPINION BY DITHRICH, J., July 19, 1951:

Benjamin F. Motley died November 12, 1947, as the result of injuries accidentally sustained in the course of his employment with the C. F. Braun Construction Company, one of the defendants. Claiming to be decedent's dependent widow, Martha C. Motley petitioned for an award of compensation under the Workmen's Compensation Act. After a hearing at which the only testimony given was that of the claimant, the referee disallowed the claim. The Board affirmed the referee, but on appeal the court below reversed the Board and entered judgment for claimant.

The substance of claimant's testimony is as follows. Decedent left the common home in February, 1945. He did not again share bed and board with her but did return on rare occasions to visit. These visits never lasted more than part of a day. She saw him under these circumstances six times in 1945, three times in 1946, and six times in 1947. On a visit in 1947 decedent

was accompanied by one Amy Motley[1] and a little boy. He introduced them as his wife and son and addressed claimant, his lawful wife, as Mrs. Williams, her name by a previous marriage.

During the period of separation she received "around $319.00" from decedent, which amount was given in small and irregular payments. She also received $16 a week as a result of her employment as a cashier, a monthly allotment of $37 from a son in the Army, and $5 a week as board from a grown daughter; however, she was constantly in debt. At no time subsequent to decedent's separation from her did she attempt to secure a support order, yet the referee found that decedent's average weekly wage prior to his accident was $90.

To establish her entitlement to compensation the burden was on the claimant to qualify as a dependent widow under §307 of the Workmen's Compensation Act, as amended by the Act of May 18, 1945, P. L. 671, §1, which repeated the language of the amending Act of June 21, 1939, P. L. 520, §1 (77 PS §562). The statute provides in part: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support."

---

[1] Amy Motley also claimed compensation as decedent's dependent widow, but such claim was denied on the ground that her marriage to decedent was bigamous. The Board in this case had the record of that proceeding before it, and on the basis of that record stated: ". . . immediately after the separation, decedent contracted a marriage with one Amy Briedenstein, after which time decedent and Amy Briedenstein continuously resided together, she receiving his pay check and being completely supported by him. Out of the marriage of decedent and Amy Briedenstein, a child, Darryl, was born on January 25th, 1947."

"Prior to the Act of 1939, where husband and wife were not living together, the widow, in order to become entitled to compensation, was required only to affirmatively establish that she was actually dependent upon him for support, and actually receiving support from him was not essential to her right to compensation. [Citing cases.] But under the Act of 1939 the fact that a wife, living apart from her husband, was actually dependent upon him at the time of his death is not sufficient in itself to establish the right of the widow to compensation; she is also required to affirmatively show as a fact that she was then receiving from him a substantial portion of her support. Her right to compensation has been made to depend upon the fact of receiving support at the time of his death." *Hendricks v. Bethlehem Steel Co.,* 150 Pa. Superior Ct. 257, 259, 27 A. 2d 264. Quoted with approval in *Kelly v. Star Auto Painting Co.,* 161 Pa. Superior Ct. 503, 55 A. 2d 426.

In his seventh finding of fact the referee stated: 'From all of the testimony taken in this matter, your Referee finds as a Fact that the claimant was not dependent upon the decedent for support at the time of his accidental injury and death, within the meaning of the Act." The Board affirmed the findings of fact and conclusions of law made by the referee and noted that "After carefully reviewing the entire record we are of the opinion that the claimant has failed to prove . . . that she was actually dependent upon him [decedent] and receiving a substantial portion of her support from him."

The learned judge of the court below, however, after reciting the testimony to which we have adverted said: "The referee found as a fact that the claimant was not dependent upon the decedent for support. The Board affirmed the finding. However; this is not such a finding as binds us. It is merely a conclusion or an

inference from the facts above recited. Upon such a matter we are entitled, and therefore required, to exercise our independent judgment and to reverse the Board's conclusion if in our opinion it is an improper one in the light of the basic facts found by it." That statement manifestly demonstrates that the court misconceived the scope of its reviewing function in a case of this kind.

The question of a wife's dependency being factual (*Rickenbach v. Allentown Portland Cement Co.*, 167 Pa. Superior Ct. 579, 76 A. 2d 479; *Sandy v. Hazle Brook Coal Co.*, 138 Pa. Superior Ct. 581, 10 A. 2d 833), its determination was a matter for the compensation authorities as fact finders. It is only when the facts are admitted and permit of but a single legitimate inference that the question of dependency becomes one of law (*Icenhour v. Freedom Oil Works Co.*, 145 Pa. Superior Ct. 168, 20 A. 2d 817), justifying a reversal, on that theory, of an administrative finding of dependency. Though largely uncontradicted, the facts here relating to claimant's dependency were certainly not admitted, nor did they permit of but one legitimate inference.

In resolving the ultimate factual issue of dependency against the claimant, the referee did not rely solely on his subordinate findings of fact. His seventh finding, affirmed by the Board, was an inference drawn *"from all of the testimony."* (Emphasis added.) Hence, it was not correct for the court below to conclude that the ultimate fact was an improper inference from "basic facts found." In any event, an issue of fact having been presented, if any inferences were to be drawn pertinent to that issue, from the testimony or from subordinate findings of fact, it was the function of the fact-finding body to draw them. *Icenhour v. Freedom Oil Works Co.*, supra. It was clearly beyond the province of the court below to substitute its

own judgment as to what inferences should have been made in this matter of fact. Rather, its responsibility in reviewing the administrative decision adverse to claimant lay in determining whether the facts found were consistent with the conclusions of law and with each other, and whether they were supported by competent evidence. *Schrock v. Stonycreek Coal Co.*, 152 Pa. Superior Ct. 599, 33 A. 2d 522.

In our opinion the findings of fact and conclusions of law were consistent, and there was ample evidence to support a finding that claimant did not qualify as a dependent widow within the meaning of the Workmen's Compensation Act, as amended.

*Binkley v. Stone & Webster Engineering Corp.*, 156 Pa. Superior Ct. 381, 40 A. 2d 132, and *Petrucci v. Payne Coal Co.*, 157 Pa. Superior Ct. 121, 42 A. 2d 91, relied on by appellee, are distinguishable from the instant case on their facts. Cf. *Kelly v. Star Auto Painting Co.*, supra; *Rickenbach v. Allentown Portland Cement Co.*, supra.

Judgment is reversed, and the order of the Workmen's Compensation Board is reinstated and affirmed.