Yanofchick, Appellant, *v.* State Workmen's Insurance Fund.

Argued October 6, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Daniel J. Boyle,* with him *John T. Pfeiffer, 3rd,* and *Thomas Noonan,* for appellant.

*C. A. Whitehouse,* Associate Counsel, with him *Ralph H. Behney,* Counsel, and *W. J. Krencewicz,* for appellees.

OPINION BY RHODES, P. J., November 16, 1953:

Claimant, widow of Stanley Yanofchick, deceased, filed a claim for compensation on the ground that she

was totally dependent upon him at the time of his death on May 20, 1951, although she had not lived with him since July 27, 1928. The parties were married on July 6, 1920.

This case arises under the Occupational Disease Act. The pertinent provision is in section 307 of the Act of June 21, 1939, P. L. 566, as amended, 77 PS §1407, and reads as follows: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support." Section 307 of the Workmen's Compensation Act of 1915, as reenacted and amended, contains the same qualifying provision. 77 PS §562.

Deceased had received an award of compensation for total disability shortly before his death which was due to anthraco-silicosis. The record of the proceeding on deceased's claim was made a part of the present record.

The burden was upon claimant, who admittedly had lived separate and apart from deceased for more than twenty-two years, in order to receive compensation, to establish that she was actually dependent upon deceased at the time of his death, and also that she was then receiving from him a substantial portion of her support. As we have said, the right of such a claimant to compensation has been made to depend upon the fact of receiving support at the time of her husband's death (*Hendricks v. Bethlehem Steel Co.*, 150 Pa. Superior Ct. 257, 259, 27 A. 2d 264; *Kelly v. Star Auto Painting Co.*, 161 Pa. Superior Ct. 503, 506, 55 A. 2d 426; *Rickenbach v. Allentown Portland Cement Co.*, 167 Pa. Superior Ct. 579, 581, 76 A. 2d 479; *Motley v. C. F. Braun Construction Co.*, 169 Pa. Superior Ct. 141, 144, 82 A. 2d 581), or the legal equivalent of ac-

tual receipt of such support (*Binkley v. Stone & Webster Engineering Corp.*, 156 Pa. Superior Ct. 381, 385, 40 A. 2d 132). Dependency itself without receiving a substantial portion of support at the time of deceased's death is insufficient to entitle a widow to compensation. *Kelly v. Star Auto Painting Co.*, supra, 161 Pa. Superior Ct. 503, 505, 55 A. 2d 426. And actual dependency would not be affirmatively established by mere proof of receipt of contributions or payments. *Icenhour v. Freedom Oil Works Co.*, 145 Pa. Superior Ct. 168, 172, 20 A. 2d 817; *Sandy v. Hazle Brook Coal Co.*, 138 Pa. Superior Ct. 581, 583, 10 A. 2d 833. Moreover, it must be evidenced by more than the legal right to support as an incident of the marital status.

Claimant contends that her dependency is a question of law on the undisputed evidence. It is true that upon admitted and undisputed facts which permit only one legitimate inference dependency is a question of law. But in the present case the facts are not admitted, and it cannot be said that they permit only one inference. Consequently, claimant's alleged dependency was a factual matter for determination by the compensation authorities. Deceased on his claim for compensation had testified that claimant had left him without cause in 1928, and that he had not given her any support since that time. In testifying further he admitted that claimant had obtained an order of support. He added that he had not given her anything for more than a year, and that "she doesn't push me and I don't pay it." Although deceased's testimony is not entirely consistent, it is competent; it was made a part of the present record.

Claimant testified that after they separated in 1928 she obtained an order of support against deceased. The order was modified from time to time. Apparently modifications were made as their two children became

of age. She admitted that deceased never fully complied with the order, but said at times he would send $10 or $15. For a period of more than ten years claimant failed to pursue any legal action to compel deceased to comply with the support order, although she was in a position to do so had she so desired. From the time of their separation in 1928 until deceased's death in 1951, claimant was employed. She testified that for the last several years preceding deceased's death she supported herself by her earnings as the children were of age and employed. Her weekly income over the years was $25 to $30.

The referee found that claimant was not living with deceased at the time of his death; that she was not dependent upon deceased for her support; that she was at all times employed; and that the support she received from him was not consistent or regular. The Workmen's Compensation Board affirmed the referee, and the court below affirmed the Board and dismissed the appeal. From that order claimant then appealed to this Court.

The Board added that claimant was self-supporting, and did not rely on deceased's meager and irregular contributions while regularly employed for many years prior to May 20, 1951. The Board observed that deceased did not comply with the last order for claimant's support of January 8, 1940, and that claimant apparently made no effort to enforce compliance, and then said:

"We believe that the decedent not only repudiated his obligation to support the claimant, but the claimant acquiesced in such repudiation. Her inaction to enforce regular payment of the support order amounts to acquiescence.

"Our review of the entire record also indicates that the claimant was not actually dependent on her hus-

band and was not receiving from him a substantial portion of her support. The small and irregular payments made by decedent did not qualify the claimant as a dependent within the meaning of the Act."

To entitle her to compensation, claimant was obliged to meet the requirements of the Act. As the question of her dependency was factual, our review is not to determine whether competent evidence would sustain a finding in favor of claimant, if made, but whether there was a capricious disregard of competent evidence in the refusal so to find, and whether the findings, conclusions, and order are consistent. In considering the evidence the compensation authorities are not bound to accept as verity even uncontradicted testimony. *Roland v. Frantz,* 156 Pa. Superior Ct. 640, 41 A. 2d 423.

There was no capricious disregard of competent evidence, nor was there any fatal inconsistency. It was a permissible inference that claimant had acquiesced in the repudiation by deceased of his legal obligation to support her, and this would preclude an award. *Rickenbach v. Allentown Portland Cement Co.,* supra, 167 Pa. Superior Ct. 579, 581, 76 A. 2d 479. The finding that claimant was not actually dependent upon deceased for her support at the time of his death and was not receiving from him a substantial portion of her support is also supported by the testimony. Claimant had worked from the time of separation until the time of deceased's death. For many years prior to his death she had her own income with which she supported herself.

Order is affirmed.