Carter *v.* Vecchione et al., Appellants.

Argued March 18, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James B. Doak,* with him *LaBrum & Doak,* for appellants.

*Alexander F. Barbieri,* for appellee.

OPINION BY ERVIN, J., June 11, 1957:

In this Workmen's Compensation case the only question is whether or not the widow of Sterling Carter was actually dependent upon him and receiving from him a substantial portion of her support at the time of his death. The referee found: "At the time of his death neither the widow nor the children were living with the decedent although the decedent was contributing to the support of the children. The widow, Panthel Carter was employed and self-supporting, receiving no assistance from the decedent." The board affirmed these findings and found that "claimant was independent of decedent" and "While his contributions were necessary for the support of his children, the earnings of his wife rendered her self-sufficient." The record discloses that the husband's death was caused by an accident while working for the employer on April 24, 1952. The claimant and her husband had been separated since 1942, the three children of the marriage then being 6, 7 and 10 years of age. Claimant testified that her husband gave her $15.00 to $20.00 a week for the support of herself and three children. On cross-examination she testified that the money she got from her husband was used to pay for the children's schooling and that she added to whatever money her husband gave her for this purpose. She further testified that some time after the separation she sent the three chil-

dren to Virginia to live with her mother and that they attended a private school there. She paid her mother $50.00 a month. After the separation from her husband claimant started to work at the Quartermaster Depot in Philadelphia and had worked there about 10 years at the time of his death, during which time her salary had increased from $20.00 a week to $65.00 a week, with a take-home pay of $56.00. The decedent did not pay any money to claimant whatsoever in 1952. In April 1952 the decedent worked 11 days for James J. Morrissey and was paid $142.80. He had also, early in April, worked three days for Salvatore Vecchione, his employer at the time of his death, and had earned $30.00. No part of these earnings had been paid over to the wife for any purpose. During vacations the children lived with the claimant. Two of the children were living with her at the time of the husband's death. She lived in an apartment and paid $35 a month rent. The husband was a laborer and she guessed that "he earned about $40.00 a week." At the time of the husband's death, claimant's son was in the Army and had given his mother as a dependent "to get a certain amount of money each month." The referee ordered the defendant to pay to the mother, as guardian for her daughter Dolores, "dependent minor, compensation at the rate of $10.50 per week beginning May 2, 1952 and continuing until August 16, 1954 when Dolores becomes 16 years of age," together with interest on the deferred payments. He also ordered the payment of $250.00 to the undertaker toward the burial expenses.

On appeal from the board's decision the lower court reversed and entered a decree in favor of the widow. To do so the court reversed the board in its findings of fact and substituted its own therefor. To reach this result the court, in effect, found that the wife was ac-

tually dependent upon her husband and that she was receiving from him at the time of his death a substantial portion of her support. The court said: "We hold that the referee and the Board, by allocating to the children alone the entire amount which Mr. Carter gave Mrs. Carter, made an inference without proper evidence in the record to support such an inference, and that the referee and the Board disregarded competent testimony." What we said in *Motley v. Braun Construction Co.*, 169 Pa. Superior Ct. 141, 145, 82 A. 2d 581, is particularly applicable to this case.: "In any event, an issue of fact having been presented, if any inferences were to be drawn pertinent to that issue, from the testimony or from subordinate findings of fact, it was the function of the fact-finding body to draw them. Icenhour v. Freedom Oil Works Co., supra. It was clearly beyond the province of the court below to substitute its own judgment as to what inferences should have been made in this matter of fact. Rather, its responsibility in reviewing the administrative decision adverse to claimant lay in determining whether the facts found were consistent with the conclusions of law and with each other, and whether they were supported by competent evidence. Schrock v. Stonycreek Coal Co., 152 Pa. Superior Ct. 599, 33 A. 2d 522." See also *Dandy v. Century House & Window Cleaning Co.*, 179 Pa. Superior Ct. 365, 367, 115 A. 2d 871. We have carefully reviewed the record and are of the opinion that the findings of fact are consistent with each other and that the conclusions of law can be sustained without a capricious disregard of the competent evidence. The facts in this case relative to (1) actual dependency of claimant and (2) receipt of a substantial portion of her support from decedent, were not admitted nor did they permit of but one legitimate inference. Both of these were factual questions

and their determination, as well as inferences therefrom, were matters solely for the compensation authorities as fact finders. *Motley v. Braun Construction Co.,* supra, at p. 145. It was the sole prerogative of the compensation authorities to give the testimony such consideration as it may deserve and to accept or reject it in whole or in part accordingly. *Dandy v. Century House & Window Cleaning Co.,* supra, at p. 366; *Yanofchick v. State Workmen's Ins. Fund,* 174 Pa. Superior Ct. 182, 187, 100 A. 2d 387. The compensation authorities found that claimant was not dependent upon the decedent. There was ample evidence to justify such a finding of fact. She had been living apart from her husband for approximately 10 years and had steady employment during this entire period of time. Her earnings increased from the sum of $20.00 a week to the sum of $65.00 a week and her average earnings were more than those of her husband. For approximately four months before his death she did not receive any money from him. The referee and the board had a substantial basis on which to conclude that the claimant did not need assistance from her husband in order to maintain her standard of living. In addition to her own salary, she undoubtedly was receiving money from the Army allotment of her son. This finding of nondependency was of itself sufficient to defeat the widow's claim.

The compensation authorities found that the claimant was receiving no assistance from the decedent. If she was receiving any assistance from the decedent she certainly was not receiving a substantial portion of her support from him. Her evidence on this subject was conflicting. In her direct examination she stated that her husband agreed to pay her $15.00 to $20.00 a week for support of herself and three children. She further testified that her husband did so pay her. In

cross-examination she stated that the money she got from her husband was used to pay for the children's schooling and that she added to whatever money her husband gave her for this purpose. She also testified that the husband paid her no money in 1952. From this evidence the fact finders could find either that some of the money paid to her by the husband was used for her support or that none of the money paid to her was used for her support. It is only when the facts are admitted and permit of a single legitimate inference that the question becomes one of law. *Icenhour v. Freedom Oil Works Co.*, 145 Pa. Superior Ct. 168, 20 A. 2d 817; *Motley v. Braun Construction Co.*, supra, p. 145. It was clearly beyond the province of the court below to substitute its judgment for that of the compensation authorities in this connection.

Prior to 1939, where husband and wife were not living together, the widow, in order to become entitled to compensation, was required only to affirmatively establish that she was actually dependent upon him for support, and actually receiving support from him was not essential to her right to compensation. The Workmen's Compensation Act was amended in 1939 to provide that "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and *receiving from him a substantial portion of her support.*" (Emphasis added) Act of June 21, 1939, P. L. 520, §1, 77 PS §562. Subsequent amendments have not changed the language of the 1939 amendment. The first case involving the 1939 amendment was *Hendricks v. Bethlehem Steel Co.*, 150 Pa. Superior Ct. 257, 27 A. 2d 264. In that opinion Judge, now President Judge, RHODES said: "But under the Act of 1939 the fact that a wife, living apart from her husband, was actually dependent

upon him at the time of his death is not sufficient in itself to establish the right of the widow to compensation; *she is also required to affirmatively show as a fact that she was then receiving from him a substantial portion of her support. Her right to compensation has been made to depend upon the fact of receiving support at the time of his death.*" (Emphasis added) In *Kelly v. Star Auto Painting Co.,* 161 Pa. Superior Ct. 503, 506, 55 A. 2d 426, we said: "In Binkley v. Stone & Webster Engineering Corp. et al., 156 Pa. Superior Ct. 381, 40 A. 2d 132, and Petrucci v. Payne Coal Company, 157 Pa. Superior Ct. 121, 42 A. 2d 91, relied on by appellee, there was no departure from our interpretation of the limitation in Hendricks v. Bethlehem Steel Co., supra. In the Binkley case there was a court order for the support of the wife, on which the decedent was more than $2,000 in arrears, an attachment had issued, and we considered her continued effort to collect (p. 385) 'as a legal equivalent of actual receipt of support'; and in the Petrucci case the widow had been confined to a mental institution during the separation." There has been no change in the law since the above decisions. *Motley v. Braun Construction Co.,* supra; *Yanofchick v. State Workmen's Ins. Fund,* supra.

We have not clearly defined what the legislature intended by the additional language "and receiving from him a substantial portion of her support." Certainly the legislature intended to make it more difficult for a wife, separated from her husband, to obtain compensation. In Webster's New International Dictionary, Second Edition, Unabridged, the word "substantial" is defined: "7. Considerable in amount, value, or the like; large; as, a substantial gain. . . . 10. Of or pert. to the substance or main part of anything." The evidence in this case would not permit a fact finder

to find that the claimant was receiving the main part of her support from her husband. If she received anything from him after using his contributions for the support of the children, it must have been very small in amount. We think that the finding that the claimant was "receiving no assistance from the decedent at the time of his death" was in accord with the evidence. Certainly it was not a capricious disregard of competent evidence.

Appellee also criticizes the compensation authorities for failing to make specific findings "as to her on the two issues, namely, was she dependent upon him, and was she 'receiving from him a substantial portion of her support.'" The findings of fact were sufficiently definite to permit us to dispose of the case. The finding of the referee that "the widow, Panthel Carter, was employed and self-supporting, receiving no assistance from the decedent" was, in effect, a finding (1) that she was not actually dependent upon him and (2) was not receiving from him a substantial portion of her support. If she was self-supporting, she could not have been actually dependent upon him and if she was receiving no assistance from the decedent, she could not have been receiving from him a substantial portion of her support.

Judgment is reversed and the order of the compensation board is reinstated and affirmed.