Confer *v.* Herbert R. Imbt, Inc. et al., Appellants.

Argued September 18, 1959. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., and HIRT, J., absent).

*Robert C. Haberstroh*, with him *Lewis Orvis Harvey*, for appellants.

*Patrick H. Fierro*, with him *John R. Miller*, and *Miller & Kistler*, for appellee.

OPINION BY WRIGHT, J., November 11, 1959:

This is a workmen's compensation case. The question before us is whether the compensation authorities were warranted in holding that Fannie Confer, this widow-claimant, qualified as a dependent under Section 307(7) of the Workmen's Compensation Act of June 1915, P. L. 736, as amended, 77 P.S. 562. The referee made an award in her favor, which was affirmed on appeal by the Workmen's Compensation Board and by the court of common pleas. The employer corporation and its insurance carrier have appealed.

Donald J. Confer was a laborer in the employ of Herbert R. Imbt, Inc. On May 21, 1956, during the course of his employment, Confer sustained an accidental injury which resulted in his death on June 3, 1956. Confer and the claimant were married on May 28, 1955, and subsequently lived in one room of a dwelling owned jointly by Confer and his brother. The dwelling was also occupied by Confer's mother, father, brothers, and sisters. This unsatisfactory arrangement was the cause of frequent dissension. As stated by the board: "One thing led to another—arguments, fights, bodily injuries—until the end result was that claimant had to leave sometime in March, 1956".[1] During the interval between the date of the separation and the date of the accident, claimant contacted her husband by telephone on at least four occasions in an attempt to reconcile their differences, but to no avail. The tenth finding of the referee, affirmed by the board,

---

[1] Apparently March 23, 1956, although the record does not clearly establish the exact date. On April 23 and 24, 1956, the husband advertised in the Centre County Times that he would no longer be responsible for debts and obligations contracted by anyone other than himself. We do not attach controlling significance to this circumstance.

was as follows: "That from the evidence your referee finds that although the claimant was not living with her decedent at the time of his death, yet she was dependent upon him for her support; that the claimant never acquiesced to any action by her husband under circumstances amounting to a repudiation by him of his legal obligation to support his wife; that the claimant did not wilfully abandon her husband, her action in leaving him being brought about by intolerable conditions under which she was compelled to live with him".

Since the amendment of June 21, 1939, P. L. 520, the pertinent portion of Section 307(7) of the Workmen's Compensation Act has read as follows: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support". Appellant contends that, in view of her admission that she was not living with her husband at the time of his death and was not receiving any support from him, claimant did not as a matter of law meet the legislative requirement. If the statutory language is read literally, appellant's contention must be sustained. However, we have held in prior cases that the legislature did not intend that the statute should be given a literal interpretation, and have repeatedly stated that dependency is a factual matter for determination by the compensation authorities.

The first case decided, following the amendment of 1939, was *Hendricks v. Bethlehem Steel Co.*, 150 Pa. Superior Ct. 257, 27 A. 2d 264, wherein the husband and wife were not living together and there was an order of support for their child. It appeared that the wife had secured employment and was self-supporting.

The compensation authorities found adversely to the claimant. The court of common pleas entered judgment accordingly, and we affirmed. The next case was *Binkley v. Stone & Webster Eng. Corp.*, 156 Pa. Superior Ct. 381, 40 A. 2d 132, wherein the wife, after leaving her husband, instituted an action for support and secured an order. The husband made no payments on the order from March 1938 to the date of his accidental death in May 1942. However, the wife had made repeated efforts to locate her husband and to find out whether he was employed. The compensation authorities found for the claimant, and the court of common pleas entered judgment in her favor. In affirming, we distinguished the *Hendricks* case on the ground that the wife's claim was therein barred either because the husband was not liable for her support or because she had acquiesced in his failure to support her. Judge HIRT made the following statement, which is significant so far as the instant case is concerned (italics supplied) :

"Where the parties are not living together recovery under the amendment still rests upon proof of dependency. The amendment places the burden on a claimant to show not only legal liability for support, arising from the marital status, but actual dependency as well. Under ordinary circumstances where the parties are separated, dependency is evidenced by the receipt by the wife of at least some support from her husband; for a separation may be by consent under circumstances which amount to a repudiation of the husband's legal obligation acquiesced in by the wife, or the conduct of the wife may have been such as to relieve the husband from all liability for her support. All of the prior statutes required that the dependency be 'actual' and the limitation of the 1939 amendment placed emphasis upon that requirement. *The manifest*

*purpose of this legislation was to bar fraudulent claims, and in our view this dominant intent overrides a literal interpretation of the limitation in question when applied to the facts in this case.* The circumstance that claimant was employed did not rebut the assertion of actual dependency (Morris v. Yough Coal & Supply Co., 266 Pa. 216, 109 A. 914) nor the fact that she was not receiving support from her husband at the time of his death. Creasy v. Phoenix Utilities Co., 276 Pa. 583, 120 A. 659. In the Morris case it was held: 'No rigid rule can be laid down as to the amount or character of evidence necessary to show actual dependency; therefore each case must be controlled by its own circumstances'. The Creasy case thus states the test to be applied: 'The criterion in cases of this character, consequently, must be whether or not a wife, living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circum stances amounting to a repudiation by him of his legal obligation to support his family'. Cf. Berman v. George J. Blair Co. et al., 137 Pa. Superior Ct. 193, 8 A. 2d 731".

Some four months after the *Binkley* case, a similar decision was handed down in *Petrucci v. Payne Coal Co.,* 157 Pa. Superior Ct. 121, 42 A. 2d 91, wherein it appeared that the claimant-widow was confined to a mental institution. The husband-decedent had filed a bond for her maintenance, but had made no payments from 1935 until his death in 1941. Judgment was entered in the court of common pleas on an award made by the board. We affirmed on the ground that there was no repudiation or evasion of the husband's obligation to support. Quoting from the *Binkley* case, Judge RENO repeated: "The legislature in our view, did not intend to lay down a harsh rule that re-

covery in cases like the present must rest upon actual payment of support". Subsequent cases have made no change in this interpretation of the statute. In order not to burden this opinion unduly, we will not mention them all, but will include the cases cited by appellant.

In *Rickenbach v. Allentown Port. Cem. Co.*, 167 Pa. Superior Ct. 579, 76 A. 2d 479, the compensation authorities found that the claimant had not established dependency. We affirmed on the ground that the wife had acquiesced in her husband's repudiation of his obligation to support her. In *Motley v. Braun Construction Co.*, 169 Pa. Superior Ct. 141, 82 A. 2d 581, the board refused an award. The court of common pleas sustained claimant's appeal and entered judgment in her favor. We reversed and reinstated the board's decision on the ground that the court had misconceived the scope of its reviewing function. To the same effect is *Carter v. Vecchione*, 183 Pa. Superior Ct. 595, 133 A. 2d 297. In *Williams v. Williams*, 170 Pa. Superior Ct. 372, 85 A. 2d 638, the wife's collection of rentals from the husband's properties was held by the compensation authorities to be sufficient to establish her dependency. The court of common pleas entered judgment in her favor. In affirming, we stated that "the question of the wife's dependency was entirely factual". In *Yanofchick v. State Workmen's Ins. Fund*, 174 Pa. Superior Ct. 182, 100 A. 2d 387, involving a similar statutory provision in The Pennsylvania Occupational Disease Act,[2] the court of common pleas dismissed an appeal from the refusal of the board to make an award. In affirming, we rejected claimant's contention that her dependency was a question of law and stated that her "alleged dependency was a factual matter for determination by the compensation authori-

---

[2] Act of June 21, 1939, P. L. 566, Section 307, 77 P.S. 1407.

ties". In *Walker v. Aluminum Co. of America,* 185 Pa. Superior Ct. 355, 138 A. 2d 197, the court of common pleas sustained an appeal by the employer from an award made by the board in claimant's favor. We reversed and directed that judgment be entered on the award, stating that "no rigid rule can be laid down as to the amount or character of evidence necessary to show actual dependency".

Essentially, the rule established by our cases is that, while a widow-claimant not living with her husband at the time of his death must ordinarily prove not only dependency but also the receipt of support, there may be circumstances under which she is relieved from the latter requirement. She may have been unable to collect support, as in the *Binkley* case; or she may have been mentally incompetent, as in the *Petrucci* case; or the period between the separation and the fatal accident, as in the instant case, may have been too brief for her to have enforced her claim for support, and she did not acquiesce in a repudiation by the husband of his legal obligation. Assume, as an extreme example, that a husband turns his wife out of doors and meets with a fatal accident the following day. Where the husband dies within a comparatively short time after the separation, it becomes a question of fact for the compensation authorities to determine whether, under the circumstances of the particular case, the wife was relieved from the requirement of showing the receipt of support. In the instant case the board concluded that "the time between the separation and the death is too short to judge whether or not she would have enforced her claim for support through legal channels".

It is well settled that the Workmen's Compensation Act is a remedial statute and is to receive a liberal construction. On an appeal from an award the evi-

dence must be viewed in the light most favorable to the claimant; findings of fact by the compensation authorities, if supported by the evidence, are binding upon the courts; and our review must be confined to ascertaining whether the findings of fact are supported by the evidence. See *Oliver v. Westinghouse Electric Corp.*, 186 Pa. Superior Ct. 604, 142 A. 2d 486. Claimant in the case at bar had cause to leave the common home. See *Commonwealth ex rel. DiPietro v. DiPietro*, 175 Pa. Superior Ct. 18, 102 A. 2d 192; *Commonwealth v. Cooper*, 183 Pa. Superior Ct. 36, 128 A. 2d 181. While she received nothing from her husband in the short interval between the date of the separation and the date of the fatal accident, she had no other means of support during that period. She was unemployed and living with relatives. Furthermore, she was endeavoring to effect a reconciliation. To hold, under such circumstances, that a wife should actually be receiving support would place a premium on the immediate institution of a non-support action in every marital schism. We do not believe that the legislature intended such a result. The time interval between the separation and the fatal accident, as well as the conduct of the parties, were matters for the consideration of the compensation authorities. We conclude, as did the court below, that the board was justified in making an award in the instant case.

The appeal is dismissed, and the record is remitted to the court below for the entry of a judgment in favor of the claimant. As so entered, the judgment is affirmed. Cf. *Spry v. Polt*, 186 Pa. Superior Ct. 326, 142 A. 2d 484.