Penn Sanitation Co. and Liberty Mutual Insurance Co., Insurance Carrier, Appellants, *v.* Charlotte Ann Hoskins, Appellee.

Argued October 5, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Roger B. Wood*, with him *Joseph R. Thompson*, for appellants.

*Louis W. Fryman*, with him *Steven J. Hartz*, and *Becker, Fryman & Ervais*, for appellee.

OPINION BY JUDGE WILKINSON, November 15, 1973:

Robert Hoskins sustained a fatal accident in the course of his employment on November 14, 1967. He was survived by his widow, the claimant-appellee, and two children, one of whom had been born to the claimant-appellee prior to her marriage to the decedent. During the two and one-half year marriage, the claimant-appellee and the decedent separated twice, each separation resulting in the claimant-appellee seeking and obtaining a support order. Claimant-appellee and decedent remained separated up to the date of decedent's death.

This appeal is from the decision by the Court of Common Pleas of Philadelphia County affirming the Workmen's Compensation Board's[1] and referee's decisions granting fatal claim benefits to the claimant-appellee and her two minor children. Two issues are presented. First, is the claimant-appellee entitled to benefits notwithstanding the fact that she was separated from decedent at the time of the fatal accident, and that a support order (sought by the claimant-appellee and entered five weeks prior to the fatal accident) required the decedent to support the claimant-appellee's two children but did not require him to support the claimant-appellee? Second, is an illegitimate child born to the claimant-appellee prior to the marriage entitled to benefits?

Section 307 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, Art. III, as amended, 77 P.S. §562, provides, *inter alia*: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, *or was then actually dependent upon him and receiving from him a substantial portion of her support.*" (Emphasis added.) The conclusion of the lower court, the Board, and the referee that the claimant- appellee was dependent upon the decedent and was receiving from him a substantial portion of her support ignored the effect of the support order of October 10, 1967. That order was the second such order, the first having specifically provided for the support of the "wife and one child."

The second support order provided only for the support of the "two children." This order, as in *Hendricks v. Bethlehem Steel Co.,* 150 Pa. Superior Ct. 257, 27 A. 2d 264 (1942), was limited to the children and did *not* include support of the wife. The order was acquiesced

---

[1] Now the Workmen's Compensation Appeal Board.

in by the wife, *see Shimkus v. Philadelphia & Reading Coal & Iron Co.,* 280 Pa. 88, 124 A. 335 (1924), and such acquiescence bars recovery, *Hendricks, supra.* Our Superior Court, in *Binkley v. Stone & Webster Engineering Corp.,* 156 Pa. Superior Ct. 381, 385, 40 A. 2d 132, 135 (1944), distinguished *Hendricks* as follows: "There [in *Hendricks*] the Order was for the support of *a child alone.* Either the husband was not liable for the wife's support or she acquiesced in his failure to support her. She was barred on *either alternative.*" (Emphasis added.) Such language is controlling here.

The question of the use of the payments pursuant to the order is also resolved by *Hendricks, supra:* "[T]he support order was limited to the child. It is no answer to the requirements of the statute to say that she used payments for the child's support for herself." 150 Pa. Superior Ct. 257, 260, 27 A. 2d 264, 265, 266. Any payments the wife may have received from her husband pursuant to the order of October 10, 1967, constituted support for the children and did not constitute "a substantial portion of *her* support" as required by the statute.

The requirements whereby an illegitimate child is entitled to workmen's compensation death benefits were recently discussed by Judge BLATT in *Irby Construction Co. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 591, 594, 308 A. 2d 924, 926 (1973): " '[C]ompensation may be awarded an illegitimate child [only] if there be proof of two coexisting conditions: (a) that the deceased employee stood in loco parentis to such child; and (b) that the child was a member of decedent's household at the time of his death. . . .' " (Citations omitted). The claimant-appellee testified that the decedent supported her illegitimate child, disciplined the child, paid for the child's food and clothing, and considered the child as his natural child. This testimony was uncontradicted and supports the finding that the decedent stood in loco parentis to the child.

A more difficult question is whether the child was a member of decedent's household at the time of his death. The question of whether the child was a member of decedent's household is factual. *Kransky v. Glen Alden Coal Company*, 354 Pa. 425, 47 A. 2d 645 (1946). The referee's finding, supported by the evidence, is that the child was "of the *household he* [the decedent] *supported* at the time of his death." While it would appear that this finding does not satisfy the requirements of Section 307 of the Act, our Superior Court, in *Union Trust Company v. Union Collieries Company*, 131 Pa. Superior Ct. 405, 200 A. 267 (1938) has held otherwise.

In *Union Trust Company*, the referee found that the wife and the wife's illegitimate child were *not* "living with him [the decedent] in his home, but were dependent upon him for support at the time of his death." 131 Pa. Superior Ct. 405, 406, 200 A. 267, 268. The court found this plus the fact that the decedent stood in loco parentis to be sufficient. Further, the court quoted the following from *Shimkus, supra*: "The Board found as a further fact that the step-children lived for six months previous to his death in the home from which the husband had temporarily withdrawn." 131 Pa. Superior Ct. 405, 413, 200 A. 267, 271. In *Shimkus*, the temporary withdrawal was for six months, whereas here the decedent withdrew from the household only two months prior to the accident. After a careful review of the record, we are of the opinion that the lower court properly applied the rule of *Union Trust Company*.

Accordingly, we enter the following

### Order

Now, November 15, 1973, that part of the order of the lower court affirming the Workmen's Compensation Board's award to the claimant is reversed and compensation is hereby denied; that part of the order of the

lower court affirming the Workmen's Compensation Board's award to the claimant's two children is affirmed; the Board is hereby directed to compute the total amount to be payable, whether then due and accrued or payable in future installments; when such computation has been provided to the Court, judgment in that amount shall be entered.