S and S Associates, Inc. and Excelsior Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Hochman), Respondents.

Submitted on briefs June 6, 1983, before President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*David L. Pennington,* with him *Susan McLaughlin, Harvey, Pennington, Herting & Renneisen, Ltd.,* for petitioners.

*Gerald J. Haas,* for respondent, Sylvia Hochman, widow of Seymour Hochman.

OPINION BY JUDGE DOYLE, September 1, 1983:

This is an appeal of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a

referee's award on a Fatal Claim Petition in favor of Sylvia Hochman, the widow of Seymour Hochman. We reverse.

This case arises out of the fatal shooting of Seymour Hochman on September 25, 1975.[1] The record indicates that Seymour and Sylvia Hochman had been separated since April 14, 1972 and Seymour Hochman had been living in the Philadelphia area with another woman in the residence owned jointly by himself and his estranged wife. Sylvia Hochman lived in a two bedroom apartment in Boston. The Hochman's daughter, Ellen, lived with her mother when not attending Boston University. At the time of his death, Seymour Hochman was earning $17,120.00 per year. Sylvia Hochman was employed as a dental hygienist and was earning $225.00 per week, or $11,700.00 per year. Sylvia Hochman received no payments in support during her separation from her husband and prior to his death, Seymour Hochman had removed his wife and daughter from coverage under his medical insurance and had begun divorce proceedings against his wife for desertion. During the time of the separation, Seymour Hochman continued to make payments on a mortgage on the jointly owned house and made payments on a note which Sylvia Hochman had cosigned.

Section 307 of the Pennsylvania Workmen's Compensation Act[2] provides, in pertinent part:

No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support.

---

[1] Hochman was shot in the parking lot of a motel in Newark, New Jersey while en route to a business sales meeting in New York. He died on September 26, 1975.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §562.

The referee found, and the Board affirmed, that Sylvia Hochman was dependent on her estranged husband for support within the purview of Section 307 because he continued to make payments on debts for which Sylvia Hochman was jointly liable. We disagree.[3] One of the debts was a mortgage on the property which Sylvia Hochman had left and in which Seymour Hochman continued to live; the other was a loan for Seymour Hochman's business for which the house stood as collateral. The benefit of continued payment on both these debts would inure primarily to Seymour Hochman. In light of his failure to provide any support payments to his wife and his removal of his wife and daughter from his medical insurance plan, as well as the institution of divorce proceedings for desertion, we cannot characterize the payment on debts to sustain his business and his home as support for his estranged wife.

The Board therefore erred in concluding that at the time of Seymour Hochman's death, Sylvia Hochman was dependent upon him and receiving from him a substantial portion of her support.

It has been held that under some circumstances a widow need not show receipt of actual support from her husband although she is living separately from him. *See Confer v. Herbert R. Imbt, Inc.*, 191 Pa. Superior Ct. 74, 155 A.2d 382 (1959); *Creasy v. Phoenix Utilities Co.*, 276 Pa. 583, 120 A. 659 (1923). In *Confer*, the wife had been separated from her husband for three months and during that time made numerous attempts to reconcile their differences. The

---

[3] Where, as here, the party with the burden of proof has prevailed before the Board, our review is to determine if the Board has violated constitutional rights or made an error of law, or if necessary findings are unsupported by substantial evidence. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

court found that she had never acquiesced in any action by the husband to repudiate his obligation of support. In *Creasy*, the husband left his wife for eighteen months seeking more remunerative employment. During that time, the husband did not contribute to his wife's support and attempted to repudiate his obligation of support. The wife instituted proceedings for support but the husband avoided service. The court found that the wife had not acquiesced in the husband's attempt to repudiate his obligation.

In contrast, this Court held that a claim for widow's benefits was barred because the widow living apart from her husband had acquiesced in the entry of a divorce decree which provided support for her children but not herself. Under such circumstances, she could not be considered dependent and receiving support under Section 307. *Penn Sanitation Co. v. Hoskins*, 10 Pa. Commonwealth Ct. 528, 312 A.2d 458 (1973). We find the circumstances here to be similar to those in *Hoskins* and distinguishable from those in *Confer* and *Creasy*. The record in the case before us is clear that during the three years of separation prior to Seymour Hochman's death, he made no payments in support of his wife and removed her from coverage under his medical insurance. The record is equally clear that during that time, Sylvia Hochman maintained herself and her daughter by working and by contributions from members of her family, and sought no support from her estranged husband. We believe this shows that Seymour Hochman repudiated his obligation of support and that Sylvia Hochman acquiesced in that repudiation.

ORDER

Now, September 1, 1983, the order of the Workmen's Compensation Appeal Board, No. A-81241, dated July 29, 1982, is hereby reversed.